HENDRY, Judge.
Plaintiff-appellee was a passenger in a bus owned by defendant-appellant, Dade County. In her personal injury suit for negligent operation of the bus, final judgment was entered in her favor, and Dade County appeals.
The County claims reversible error was committed when certain testimony of compromise and settlement of claims arising out of the accident was heard by the jury trying the cause. We agree and reverse.
Another passenger testified that she was involved in the same accident and that the County had settled her case. The defendant objected to the testimony and the objection was sustained by the trial judge with an instruction to the jury to disregard such testimony. Later in the trial a former county investigator testified that during settlement negotiations he admitted to plaintiff that the County and driver were liable and that the driver had made false statements to him about the accident. The trial court first admitted such testimony, but later struck it and gave an instruction to the jury to disregard such testimony.
The case of Jordan v. City of Coral Gables, Fla., 191 So.2d 38, affirming Fla.App.1966, 186 So.2d 60, is controlling. The Supreme Court said, at p. 38:
“ * * * under the facts of this cause the decision of the majority of the district court holding that it was prejudicial error to allow the submission of evidence of a settlement by defendant of the claim of a third party in the same accident is correct. (Emphasis supplied.)
We note that this Court in City of Coral Gables v. Jordan, Fla.App.1966, 186 So.2d 60, at 63, affirmed 191 So.2d 38, specifically determined, because the public policy favoring compromises and settlements was so strong, that:
“ * * * the trial judge erroneously held that the [defendant-] appellant had opened the door and rendered the evidence of settlement admissible.” (Emphasis supplied.)
It is our view that the cautionary instructions did not cure the prejudicial effect of such testimony. Carls Market v. Meyer, Fla., 69 So.2d 789; Pensacola Transit Co. v. Denton, Fla.App.1960, 119 So.2d 296; Crowell v. Fink, Fla.App.1961, 135 So.2d 766, 768-769; Seminole Shell Co. v. Clearwater Flying Co., Fla.App.1963, 156 So.2d 543; and see McCormick on Evidence (1954 Ed.) § 77, p. 158.
The jury determination as to liability and damages, under these circumstances, was not reached in a laboratory atmosphere uncontaminated with matters that public policy[1] requires the jury not to consider. See Deese v. White Belt Dairy Farms, Inc., Fla.App.1964, 160 So.2d 543. A new trial as to all issues is therefore necessary. Accordingly the judgment appealed is reversed and the cause remanded for a new trial as to liability and damages.
Reversed and remanded.

. Ryan v. Noble, 95 Fla. 830, 116 So. 766; Carls Market v. Meyer, Fla., 69 So.2d 789; Pensacola Transit Co. v. Denton, Fla.App.1960, 119 So.2d 296 (dicta), Beta Eta House Corporation v. Gregory, Fla.App., 230 So.2d 495, 499-500.