454 So.2d 681 (1984)
James E. SIMMONS, Sr., As Personal Representative of the Estate of Ella G. Simmons, Deceased, Appellant,
v.
BAPTIST HOSPITAL OF MIAMI, INC., et al., Appellees.
No. 83-937.
District Court of Appeal of Florida, Third District.
July 31, 1984.
Rehearing Denied September 7, 1984.
High, Stack, Lazenby, Palahach & Lacasa and Philip J. Cole and Charles Stack, Coral Gables, for appellant.
Joe N. Unger, Thompson, Parenti & Falk, Miami, for appellees.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
This is an appeal from a final judgment entered upon a jury verdict for the defendants in a medical malpractice case. The plaintiff contends on appeal that he was *682 denied the substance of a fair trial when the trial court permitted defense counsel, over proper objection, to cross examine two of his essential medical witnesses so as to elicit (1) that one such witness' medical offices had suffered a fire, that the witness had filed suit against his insurance company to collect on his fire loss, and that the insurer was defending the case on the basis that an arson had been perpetrated; and (2) that the other witness, in a deposition taken in an unrelated case which was not contradictory to any of his trial testimony, had attempted to justify his failure to pass the Florida medical examination by stating that eighty percent of those who took the medical exam when he did were foreignborn, "brown skinned people," who had crammed six months for the exam, when he had no such time to devote to such study. We entirely agree and reverse for a new trial.
First, the claimed errors were properly preserved for appellate review. The plaintiff strenuously objected to the offending questions both on specific grounds and on grounds which were apparent from the context in which they were made. See § 90.104(1)(a), Fla. Stat. (1983); moreover, after the trial court overruled plaintiff's objections thereto, it was unnecessary to move for a mistrial. See Simpson v. State, 418 So.2d 984, 986 (Fla. 1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983); Bullard v. State, 436 So.2d 962, 963 (Fla. 3d DCA 1983), pet. for review denied, 446 So.2d 100 (Fla. 1984). Second, the probative value of the evidence, even if marginally relevant, was entirely outweighed by its unfairly prejudicial character; moreover the evidence did not constitute proper impeachment and should not have been admitted below. See Hitchcock v. State, 413 So.2d 741, 744 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982); Gelabert v. State, 407 So.2d 1007, 1010-11 (Fla. 5th DCA 1981); Schwab v. Tolley, 345 So.2d 747, 754 (Fla. 4th DCA 1977); §§ 90.403, 90.609, 90.610, 90.614, Fla. Stat. (1983). Third, the admission of this evidence greatly prejudiced the plaintiff as it inferred that one of its crucial medical witnesses was a possible arsonist of his own medical office, and that another of its crucial medical witnesses was a disgruntled racist who blamed his failure to pass the Florida medical exam on overly-ambitious "brown-skinned" foreigners who had more time than he did to study for the exam. We think these unfair character assassinations could have done nothing but inflame the jury against these witnesses, who were so essential to the plaintiff's case, and in so doing, denied the plaintiff the substance of a fair trial below. See Charlotte Harbor & N. Ry. Co. v. Truette, 81 Fla. 152, 159, 87 So. 427, 429 (1921) (syllabus by court, no. 3); Jenkins v. State, 177 So.2d 756, 757 (Fla. 3d DCA 1965). Moreover, we are persuaded that the belated curative instruction as to the arson reference, apparently agreed to by both parties and given the day after the offending testimony was elicited, neither cured the sinister nature of the error complained of nor constituted a waiver of the error by the plaintiff. See Carls Markets, Inc. v. Meyer, 69 So.2d 789, 794 (Fla. 1953); Perper v. Edell, 44 So.2d 78, 80 (Fla. 1949); Dade County v. Clarson, 240 So.2d 828, 829 (Fla. 3d DCA 1970).
The judgment under review is reversed and the cause is remanded for a new trial.