453 So.2d 882 (1984)
LA REINA PHARMACY, INC. and Floriberto Laguna, Appellants,
v.
Carmen LOPEZ, Appellee.
Nos. 83-2280, 83-2307.
District Court of Appeal of Florida, Third District.
August 7, 1984.
*883 Walton, Lantaff, Schroeder & Carson and Sally R. Doerner, Jorge A. Sibila, Miami, for appellants.
Busot, Mellman, Iglesias, Romero & Lamar and Maria Busot, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
The defendants in a slip-and-fall personal injury action appeal from an order granting the plaintiff Lopez a new trial after a jury verdict in their favor. We affirm.
The order was based on the following incident during Ms. Lopez's cross-examination:
Q Did you ever go to the unemployment office after this accident and ask if they would help you find a job?
A Yes.
Q Is it not a fact, Mrs. Lopez, that you called the people scum and that's why you would not let them help you get a job?
MR. MELLMAN [plaintiff's counsel]: Objection, Your Honor.
THE COURT: Sustained.
MR. MELLMAN: This is highly improper impeachment. Those are not the words of my client.
THE COURT: I have just sustained the objection. The jury will be instructed to disregard the last question. Okay let's go.
MR. JENKS [defense counsel]: I'd like to read again the deposition from page 43.
MR. MELLMAN: Please do, Counsel, please do.
THE COURT: Next outburst I get from either of you  Ms. Court Reporter, mark this part of the record please.
Q Page 43, line six: "Did you go to any employment agencies? Answer yes.
Q To 8th and 13th?
A 8th and 13th.
"I went there day before yesterday, I asked, `And this is for the scum that arrived now?'"
A No, that's for the persons who have arrived lately.
Q Isn't that your testimony, Mrs. Lopez, is that not what you said?
MR. BECKHAM [plaintiff's counsel]: Your Honor this is 
THE COURT: I'm going to sustain the objection. I do not think that has anything to do with impeachment. The jury will be instructed to disregard it. Let us get on to something else.
MR. JENKS: Are you saying that I cannot ask Mrs. Lopez whether or not she said that on this deposition?
THE COURT: I have just ruled on it. You have read it. The jury has heard it and I want you to go on to something else now. I think the testimony as to that particular point has been consistent and I do not think it's been impeachment.
In the order under review, the trial court stated:
Plaintiff's Motion for New Trial is granted for the following reasons:
1. During trial, defense counsel asked the following question:
Q: Is it not a fact, Mrs. Lopez, that you called the people there [at the employment agency] scum and that's why you would not let them help you get a job?
The Court sustained Plaintiff's objection to this question and instructed the jury to disregard it. Nevertheless, defense counsel persisted and asked in jury's presence: "Are you saying that I cannot ask Mrs. Lopez whether or not she said that on this deposition."[*] This statement by defense counsel carried the clear inference that Mrs. Lopez in fact made the statement, i.e., it supplied the "answer" to the question which the Court had previously disallowed.
2. At trial, the Court reserved ruling on Plaintiff's motion for mistrial[1] based *884 on defense counsel's inappropriate reference to "scum".
3. The Plaintiff's credibility was an important issue at trial. The defense counsel's assertion that Plaintiff referred to people at the unemployment agency as "scum" does not attack her credibility in any legally proper manner. Instead, having viewed the circumstances and atmosphere in which the comment was made, the Court determines that the assertion had the effect of prejudicing the jury against the Plaintiff. An atmosphere was created in which the jury would dislike the Plaintiff because she made such a comment and then rule against the Plaintiff simply because they disliked her.
4. Such an inflammatory appeal which seeks to prejudice the jury against a party cannot be condoned. As stated in 32 Fla.Jur. Trial § 132 at 372:
Patently inflammatory appeals to prejudice before the jury may afford ground for reversal notwithstanding the attempt by the trial court to remove their effect by instructing the jury to disregard the remarks.
5. In Eastern Steamship Lines, Inc. v. Martial, 380 So.2d 1070 (Fla. 3d DCA 1980), plaintiff's counsel made comments unrelated to the issues in the case which were designed to prejudice the jury in favor of the plaintiff. The Third District reversed. It held that the remarks
were totally improper, inappropriate and irrelevant to the issues of the cause. They appear to have been made solely for the purpose of raising sympathy for the plaintiff based upon a tragic experience totally outside the realm of materiality in the instant case.
380 So.2d at 1072. Here, defense counsel's reference to "scum" was "totally improper, inappropriate and irrelevant to the issues of the cause." See also Apalachiola Northern R.R. Co. v. Tyus, 114 So.2d 33, 37 (Fla. 1st DCA 1959) ("counsel may not indulge in abuse or resort to a patently inflammatory appeal to prejudice").
[*] The following occurred during Mrs. Lopez's deposition:
Q: Did you go to any employment agencies?
A: Yes. To 8th and 13th, I went there day before yesterday. I asked and this is for the scum that arrived now.
MR. MELLMAN: This is for the 
THE INTERPRETER: Scum.
MR. SIBILA: I don't think that  Off the record.
(Discussion off the record).
MR. OBER: We will accept whatever translation you like to have and we will have them both.
It thus appears that some conflict existed as to the exact translation of what Mrs. Lopez said. But in any event, defense counsel's question, otherwise improper, does not become proper merely because it attempts to parrot the witness' deposition testimony. The question is irrelevant and prejudicial, and its genesis in Plaintiff's deposition does not make it otherwise.
We agree that Ms. Lopez's colorfully-expressed derogatory opinion of the unemployment office's recently-arrived clients[2], as stated in her deposition, much less defense counsel's incorrect statement that it related to the agency's staff, was neither pertinent to any substantive issue in the case[3] nor impeached any of her prior *885 testimony[4] and that the "scum" issue was therefore improperly interjected into the trial by the defendants. See Simmons v. Baptist Hospital of Miami, Inc., 454 So.2d 681 (Fla. 3d DCA 1984); cf., e.g., Bishop v. Watson, 367 So.2d 1073 (Fla. 3d DCA 1979) (new trial order based on legally insufficient or incorrect grounds reversed); National Western Life Ins. Co. v. Walters, 216 So.2d 485 (Fla. 3d DCA 1968) (same).[5] And we find no abuse of discretion in the trial judge's conclusion, which he is uniquely qualified to render as the judicial officer on the scene that the effect of that inflammatory influence was so great that a new trial was required. Cloud v. Fallis, 110 So.2d 669 (Fla. 1959); Sosa v. Knight-Ridder Newspapers, Inc., 435 So.2d 821, 825 (Fla. 1983); 38 Fla.Jur.2d New Trial § 79 (1982).
Affirmed.
NOTES
[1] The motion for mistrial, which was timely made at the conclusion of Ms. Lopez's testimony, see Castor v. State, 365 So.2d 701 (Fla. 1978) (and which was insisted upon by plaintiff's counsel, cf., Green v. Ed Ricke and Sons, Inc., 438 So.2d 25 (Fla. 3d DCA 1983), rev. granted, Case no. 64,483 (Fla., March 27, 1984)), distinguishes this case from several of those relied upon by the appellants, e.g., Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983), in which the issue was not preserved below.
[2] The reference was plainly to the "Marielitos" who are present in large numbers in this community.
[3] A statement concerning, for example, and as in this case, one's personal feelings toward a person or group, which may reflect adversely upon him, but which has no demonstrated relevance to a triable issue in this case, does not become admissible merely because it is made by a party and appears in his deposition. 4A J. Moore, Federal Practice, ¶ 32.04 at 32-23 and ¶ 32.09 at 32-43 to 32-45 (2d ed. 1984). The character of a civil or criminal litigant is not ordinarily in issue and evidence concerning it is not ordinarily admissible into evidence. Pandula v. Fonseca, 145 Fla. 395, 199 So. 358 (1940); compare Lay v. Kremer, 411 So.2d 1347 (Fla. 1st DCA 1982) (inflammatory racial epithets of defendant directed toward plaintiff admissible as directly relevant to disputed issue of intent).

While appellants argue that the remark was relevant to the sufficiency of Ms. Lopez's job search, the only fact pertinent to that question is the undisputed one that she made only one such visit. Defense counsel was free to argue that this was insufficient without happily seizing on an inflammatory remark which was not related to that question.
[4] If, for example, Ms. Lopez had stated on direct that she did not go to the agency more often because she was physically unable to do so, the "scum" remark might have been permissible to show another contrary motivation. But nothing of the kind occurred here.
[5] Even assuming arguendo that some tangential relevance were established, it was heavily outweighed by the prejudicial effect of the remark. Sec. 90.403, Fla. Stat. (1983); Perper v. Edell, 160 Fla. 477, 44 So.2d 78 (1949).