528 So.2d 461 (1988)
Sam DeSANTIS and Anna DeSantis, His Wife, Appellants,
v.
Daniel ACEVEDO, d/b/a Dan-Ace Roofing & Tex Cote Co., Daniel Acevedo, Individually, and As Personal Representative of the Estate of Eloy Acevedo, Appellees.
No. 87-1213.
District Court of Appeal of Florida, Third District.
July 5, 1988.
Rehearing Denied August 11, 1988.
Kimbrell & Hamann, and W. Sam Holland, Bruce Bennett and Maria D. McDonald, Miami, for appellants.
Richard A. Sherman and Rosemary B. Wilder, Ft. Lauderdale, and Millard C. Glancy, Hollywood, for appellees.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON,[*] JJ.
PER CURIAM.
Plaintiffs, Sam and Anna DeSantis, appeal from an adverse final judgment in favor of defendants, Daniel Acevedo, d/b/a Dan-Ace Roofing & Tex Cote Company, individually and as a personal representative. We reverse.
Sam DeSantis, a Key West police officer, filed a negligence action against defendant roofing company after he was struck by a piece of roofing material which fell from the roof defendant was replacing. During cross-examination, defense counsel questioned DeSantis about an incident he was involved in while employed at another police department, which insinuated that DeSantis had been dishonest. Plaintiff's counsel strenuously objected on the grounds that the questions were irrelevant and prejudicial, but the trial judge overruled the objections, accepting defense counsel's argument that the incident reflected on DeSantis's credibility. On cross-examination of David Disgdiertt, plaintiff's key witness and a former Key West police officer, defense counsel asked Disgdiertt why he left the police department. Over objections voiced by plaintiff's counsel, the court allowed defense counsel to question Disgdiertt regarding charges the police department had brought against Disgdiertt for insubordination, failure to comply with orders, and absences without leave. During closing arguments, defense counsel made additional references to both DeSantis's and Disgdiertt's prior incidents of alleged misconduct and again questioned their credibility.
At the close of the evidence, the trial judge found no comparative negligence on the part of DeSantis and directed a verdict against the roofing company on the issue of liability. The case was submitted to the jury on the issue of damages. The jury returned a verdict finding plaintiffs were entitled to zero damages and a final judgment was entered for defendants. Plaintiff appeals, contending he should be granted a new trial on the issue of damages because the trial court reversibly erred in allowing the collateral impeachment of himself *462 and his key witness. Defendant argues that the trial court properly overruled plaintiff's objections since the questions were relevant to the credibility of the witnesses.
Plaintiff's objections properly preserved the claimed errors for appellate review.[1] He voiced both specific grounds, irrelevance and prejudice, and grounds which, although clumsily expressed, were sufficient to suggest the contention that any collateral embarrassing incident in the witness's past may not properly be the subject of cross-examination on the claim that it affects the issue of credibility. See § 90.104(1)(a), Fla. Stat. (1987); Simmons v. Baptist Hosp. of Miami, 454 So.2d 681 (Fla. 3d DCA 1984).
All of these objections were well-taken. The instances of alleged police misconduct DeSantis and Disgdiertt were cross-examined about were only marginally, if at all, relevant to the facts of this case. See Fulton, 335 So.2d at 284 (erroneous to permit testimony regarding witness's pending charges since no substantial connection existed between those charges and the ongoing trial); Simmons, 454 So.2d at 682; Parks v. Zitnik, 453 So.2d 434 (Fla. 2d DCA 1984) (questions regarding nature of the crime for which appellant was previously convicted were not relevant to any issue in the case); Sneed v. State, 397 So.2d 931 (Fla. 5th DCA 1981) (same).
Moreover, the prejudicial nature of the questions entirely outweighed any slight probative value the questions may have arguendo possessed. § 90.403, Fla. Stat. (1987); Simmons, 454 So.2d at 682; La Reina Pharmacy v. Lopez, 453 So.2d 882, 885 n. 5 (Fla. 3d DCA 1984) (any tangential relevance the evidence established was heavily outweighed by its prejudicial effect). The incidents of alleged police misconduct greatly prejudiced plaintiff's case. The questioning of DeSantis implied that he gave false information in a police report. Questions asked of plaintiff's key witness portrayed Disgdiertt as a less than exemplary police officer who could not be trusted.
Since the court directed a verdict for the plaintiffs on the issue of liability, the only issue for the jury to decide was the amount of damages. The credibility of DeSantis and Disgdiertt was a critical factor for the jury's consideration. "We think these unfair character assassinations could have done nothing but inflame the jury against these witnesses, who were so essential to the plaintiff's case, and in so doing, denied the plaintiff the substance of a fair trial below." Simmons, 454 So.2d at 682.
The judgment under review is reversed and the cause is remanded for a new trial on the issue of damages.
Reversed and remanded.
NOTES
[*] Judge Pearson participated in the decision, but did not hear oral arguments.
[1] No objection was made at trial that a witness cannot be impeached through prior acts of misconduct. Plaintiff concedes he cannot raise this issue on appeal, having not made the specific objection in the trial court. See Lineberger v. Domino Canning Co., 68 So.2d 357 (Fla. 1953); Cross v. Aby, 55 Fla. 311, 45 So. 820 (1908). Nonetheless, the objections plaintiff did raise were sufficiently specific to preserve the issue for appellate purposes. See Hitchcock v. State, 413 So.2d 741, 744 (Fla.) cert. denied 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982); Fulton v. State, 335 So.2d 280, 282 (Fla. 1976).