BASKIN, Judge.
Sergio Hernandez was shot by a hotel guest in a hallway of the Miami Skyways Hotel [Hotel], At the time of the incident, Hernandez was also staying at the hotel. Hernandez sued the Miami Skyways Hotel Partnership, and the general partners (collectively “Partners”), the hotel owners, for damages he incurred from the gunshot wound; his action was based on assertions of negligence stemming from the conduct of the security officer. At trial, the Partners introduced testimony that Hernandez had been arrested ten days before the shooting on an unrelated matter. The officer who had arrested him in connection with the prior incident testified that the arrest was not related to the shooting. Hernandez objected to the introduction of the testimony and moved for a mistrial. The trial court overruled the objections and denied the motion. At the conclusion of the trial, the jury found the Partners five percent negligent and Hernandez ninety-five percent negligent. Following the trial court’s entry of final judgment, Hernandez commenced an appeal. We reverse.
Hernandez correctly argues that the introduction of testimony about his prior arrest in an unrelated matter was prejudicial and irrelevant. “The great weight of authority is to the effect that evidence of pending charges against a witness is inadmissible for impeachment purposes.” Fulton v. State, 335 So.2d 280, 282 (Fla.1976). “A party may impeach by questioning about pending charges only if they arise out of the same episode for which the defendant is charged.” Brookings v. State, 495 So.2d 135, 141 (Fla.1986). Hernandez was the plaintiff in a civil suit. The challenged testimony bore no relation to the shooting incident on which his action was based, and the strongly prejudicial nature of the statements far outweighs any possible relevance it could have had to the case. DeSantis v. Acevedo, 528 So.2d 461 (Fla. 3d DCA 1988); § 90.403, Fla.Stat. (1983); see also Simmons v. Baptist Hosp. of Miami, Inc., 454 So.2d 681 (Fla. 3d DCA 1984). We therefore reverse the final judgment and remand for a new trial.
Reversed and remanded for a new trial.
SCHWARTZ, C.J., concurs.