623 So.2d 523 (1993)
EMERSON ELECTRIC COMPANY, a Missouri corporation, Appellant,
v.
Aurelio S. GARCIA and Alina Garcia, his wife, Appellees.
No. 91-2264.
District Court of Appeal of Florida, Third District.
June 15, 1993.
Rehearing Denied September 28, 1993.
*524 Holland & Knight, Daniel S. Pearson, Amy D. Ronner, Lenore C. Smith, Preddy, Kutner, Hardy, Rubinoff, Thompson, Bissett & Bush and G. William Bissett, Miami, for appellant.
Stabinski & Funt, Hicks, Anderson & Blum and Bambi G. Blum and Mark Hicks, Miami, for appellees.
Before FERGUSON, JORGENSON and GERSTEN[*], JJ.
PER CURIAM.
This appeal is taken from a judgment for the plaintiff entered on a jury verdict in a products liability case. Garcia was seriously injured in a fall from a retractable ladder, manufactured by the appellant, which allegedly collapsed owing to a design defect. We reverse and remand for a new trial.
Three rulings of the trial court are raised as reversible error: (1) disallowing a verdict form as to each of the plaintiff's six theories of liability where Emerson would have been entitled to a directed verdict on at least four of the theories; (2) excluding evidence of the safety history of identical ladders; (3) allowing Garcia's attorney to accuse Emerson's counsel of discovery misconduct in the presence of the jury.
On the first point, the appellant's argument is inaccurate. Only three theories of liability were raised by the plaintiff  negligent design, negligent failure to warn, and strict liability. An interrogatory verdict form was submitted to the jury on all three theories and it found liability on all theories. We reject the proposed extension of the two-issue rule to require a jury finding on every factual basis alleged in support of a theory of liability. See First Interstate Dev. Corp. v. Ablanedo, 511 So.2d 536, 538 (Fla. 1987) (the two-issue rule applies to those actions that can be brought on two theories of liability, where a single basis for damages applies).[1] The remaining two points are meritorious and necessitate a new trial.
Evidence of the safety-history of a product is admissible where the evidence pertains to the use of the same type of appliance or equipment, and is based on use of the product under substantially similar conditions. Railway Express Agency, Inc. v. Fulmer, 227 So.2d 870 (Fla. 1969); Nance v. Winn Dixie Stores, Inc., 436 So.2d 1075 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 889 (Fla. 1984); Lasar Mfg. Co. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983); Warn Indus. v. Geist, 343 So.2d 44 (Fla. 3d DCA) cert. denied, 353 So.2d 680 (Fla. 1977). The purpose of product safety-history history is to show the dangerous character of the product and the defendant's knowledge thereof. Railway Express Agency, Inc., 227 So.2d at 872 (citing Chambers v. Loftin, 67 So.2d 220 (Fla. 1957)). Conversely, such evidence could show that the product was not dangerous or that the defendant had no prior knowledge of the danger. 72 C.J.S.Supp. Products Liability § 79, at 139 (1975); 78 A.L.R.2d 460, 499 (1961). Because the trial court sustained the *525 plaintiff's objection to the safety-history evidence without reaching the relevancy question, Emerson's evidence on the point must still be subjected to the test.
At several points during the course of the trial, and in the presence of the jury, Emerson's counsel was accused of "fraud", hiding evidence, putting up roadblocks to the discovery of relevant evidence, and picking and choosing the evidence it would produce in response to discovery demands. A series of inquiries by plaintiff's counsel, intended to persuade the jury that the defendants were concealing damaging evidence, were objected to by Emerson's counsel. The trial court's overruling of the objections gave a tacit approval to the improper questioning, which became a feature of the trial. No pretrial discovery violation was ever established and, even if there had been evidence of a violation, an appropriate sanction was a matter for the court and not for the jury. See Pinakatt v. Mercy Hosp., Inc., 394 So.2d 441 (Fla. 3d DCA 1981). We have ordered new trials and roundly condemned equally egregious conduct and arguments in other cases. Carnival Cruise Lines, Inc. v. Rosania, 546 So.2d 736 (Fla. 3d DCA 1989); Bloch v. Addis, 493 So.2d 539 (Fla. 3d DCA 1986); Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 832 (Fla. 1986).
Reversed and remanded for a new trial.
NOTES
[*] Judge Gersten did not participate in oral arguments.
[1] The two-issue rule is a court-created policy which simplifies the work of the trial courts and limits the scope of proceedings on review. See Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181, 1186 (Fla. 1977). It is applied where there is a failure to request an interrogatory verdict and a showing that the evidence would have supported the judgment on one or more of the theories presented.