622 So.2d 151 (1993)
Myrna GEORGE, et al., Appellants,
v.
Frederick MANN, et al., Appellees.
No. 92-2154.
District Court of Appeal of Florida, Third District.
August 10, 1993.
Murray Sams, Coral Gables, Hicks, Anderson & Blum and Gary A. Magnarini, Miami, for appellants.
Charlton Lee Hunter and Linwood Anderson, Miami, for appellees.
Before FERGUSON, JORGENSON and LEVY, JJ.
JORGENSON, Judge.
Myrna and Albert George, plaintiffs, appeal from a final judgment entered pursuant to a jury verdict for defendants in a *152 personal injury action. For the following reasons, we reverse and remand for a new trial.
Myrna George fell from her bicycle when a small dog ran into her path. She suffered a broken hip and claimed that the dog had also bitten her. George sued Frederick and Alicia Mann, alleging that they were the owners of the offending dog and were thus strictly liable for her damages pursuant to section 767.01, Florida Statutes (1989). The Manns denied liability and defended on the grounds that the dog that collided with George was not the dog that they owned. At trial, the identity and ownership of the dog were hotly contested issues. The jury returned a verdict for the Manns, specifically finding that their dog was not involved in the incident. The trial court accordingly entered a judgment for the Manns; the Georges appeal.
We reverse not on any precept of "dog law,"[1] but because the Manns' trial counsel presented a closing argument that "fatally compromised" the Georges' basic right to a "fair and legitimate" trial. Kaas v. Atlas Chemical Co., 623 So.2d 525 (Fla. 3d DCA 1993). Defense counsel repeatedly referred to Mrs. George's "lawsuit pain," and argued that she had "set up" the entire lawsuit, implying that she was a liar and was perpetrating a fraud upon the court. Defense counsel also argued to the jury that Mrs. George had concealed evidence and violated discovery orders. This line of argument, even if not objected to, constitutes reversible error. Kaas; see also Emerson Electric Co. v. Garcia, 623 So.2d 523 (Fla. 3d DCA 1993) (accusing opposing party in front of jury of pretrial fraud, hiding evidence and putting up roadblocks to discovery of relevant evidence constitutes reversible error); Borden, Inc. v. Young, 479 So.2d 850 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 832 (Fla. 1986).
The improper remarks cannot be deemed harmless in light of the truly contradictory evidence on the issue of the dog's ownership. See Nicaise v. Gagnon, 597 So.2d 305 (Fla. 4th DCA) (improper closing argument cannot be deemed harmless where issue to be decided by jury is close), rev. denied, 604 So.2d 487 (Fla. 1992).
Accordingly, we reverse and remand for a new trial.
NOTES
[1] See generally §§ 767.01 and 767.04, Fla. Stat. (1989) and the plethora of cases whelped by these statutes; see also Mary Randolph, Dog Law (1988).