ANTOON, Judge,
concurring and concurring specially.
I concur with the majority but write separately to address another point raised in this appeal. In this regard, the appellant also argued that defense counsel’s final argument was improper and so egregious as to constitute fundamental, reversible error. I agree. The comments of defense counsel were tantamount to accusing opposing counsel of orchestrating a conspiracy between the plaintiff and her physician in an attempt to trick the jury and perpetrate a fraud on the court. Defense counsel told the jury that opposing counsel was attempting to “fool” them by hiding relevant evidence from them, and that he and the plaintiff “should not be rewarded for not telling the truth.” While attorneys are given broad latitude in making closing argument to juries, this argument went too far. These comments were improper, inflammatory, highly prejudicial, and, therefore, constitute fundamental error. See Owens Corning Fiberglas Corporation v. Morse, 653 So.2d 409 (Fla. 3d DCA), rev. denied, 662 So.2d 932 (Fla.1995).
It is evident from the expressions of concern and frustration in opinions issued from this court and the other district courts of appeal that the problem of improper closing arguments is widespread. See Olbek v. Kraut, 650 So.2d. 1138 (Fla. 5th DCA 1995) (Griffin, J., concurring); Luce v. State, 642 So.2d 4 (Fla. 2d DCA 1994) (Blue, J., concurring); Emerson Electric Company v. Garcia, 623 So.2d 523 (Fla. 3d DCA 1993); Venning v. Roe, 616 So.2d 604 (Fla. 2d DCA 1993). Why the problem persists is an academic question deserving of consideration but, in the meantime, the bench and bar should be firm in addressing it. Both the trial and appellate courts in Owens exemplified such firmness, ruling that closing argument simi *856 lar to the one made in the instant case, including allegations that opposing counsel was hiding evidence and engaging in trickery, was fundamental error and the basis for the granting of a new trial.
DAUKSCH, J., concurs.