PER CURIAM.
This is an appeal by the plaintiff, Little Bridge Marina, Inc. (hereinafter “Little Bridge”) from an adverse final judgment in a breach of contract action. The jury verdict denied the plaintiffs claim for breach of contract and held in favor of the defendant, Jones Boat Yard, Inc. (hereinafter “Boat Yard”) for its counterclaim for breach of contract. For the following reasons, we reverse the final judgment and remand for a new trial.
Eric Gustinger and Alfred Gustinger, Jr. (hereinafter “the Gustingers”) are the owners and officers of Little Bridge, a small corporation formed to operate a marina. In the late 1980s, Little Bridge bought a sixty-seven foot sailing vessel with the intention of using it as a charter boat at the marina. After spending two years restoring the boat, the Gustingers took the vessel to the Boat Yard for repairs to the boat, which also included sandblasting and painting the bottom and topsides of the vessel.
The repair work performed by Boat Yard was unsatisfactory to the Gustingers. After several phone calls and letters to Calvin Kreidt, the Boat Yard foreman, disputing the bill and requesting additional repairs, Little Bridge filed a breach of • contract action against the Boat Yard. The Boat Yard counterclaimed for breach of contract and filed an answer denying most of the allegations in the complaint.
Since each party disputed the facts upon which the case was based, the trial centered around a question of credibility of the main witnesses for each side. As a consequence, the appellant contends that the trial court erred in allowing defense counsel to undermine the credibility of its main witness during cross-examination by improperly impeaching the witness, Alfred Gustinger, Jr., about his career as a criminal defense attorney. At trial, the following exchange occurred during Mr. Gustinger’s cross-examination:
MR. MCCORMACK [defense counsel]:
Are you an attorney?
WITNESS [Alfred Gustinger, Jr.]: Yes, I am.
*79 MR. MCCORMACK: You told the jury you are retired and you are representing Little Bridge Marina as an attorney up until three days ago?
WITNESS: That’s correct.
MR. MCCORMACK: You weren’t retired as an attorney?
WITNESS: No. I do not maintain an office and do not have a secretary.
MR. MCCORMACK: In fact, the type of law you did you represented criminals. You got them off.
Because the resolution of this case depended upon the jury’s view of the credibility of the parties’ differing accounts of the facts, it was reversible error to allow the appellee’s trial attorney to use Gustinger’s past career as a criminal defense attorney as a form of impeachment. Dempsey v. Shell Oil Co., 589 So.2d 373 (Fla. 4th DCA 1991); Coluntino v. State, 620 So.2d 244 (Fla. 3d DCA 1993). These statements by appellee’s attorney were not only inappropriate, but they were also legally immaterial and irrelevant to the case. Furthermore, the statements cannot be condoned by this court as a form of impeachment. La Reina Pharmacy, Inc. v. Lopez, 453 So.2d 882 (Fla. 3d DCA 1984); DeSantis v. Acevedo, 528 So.2d 461 (Fla. 3d DCA 1988). Clearly, these recriminations were intended to denigrate the witness, Mr. Gustinger, in the eyes of the jury by inflaming the jury against Mr. Gustinger based on the sentiment held by many laypersons in the community to the effect that attorneys are not to be respected. Simmons v. Baptist Hosp. of Miami, Inc., 454 So.2d 681 (Fla. 3d DCA 1984) (reversible error committed where defense counsel during cross-examination implied that one of plaintiffs essential medical witnesses was a disgruntled racist who blamed his failure to pass the medical examination on overly ambitious “brown-skinned” foreigners); O’Neil v. Gilbert, 625 So.2d 982 (Fla. 3d DCA 1993) (erroneous admission of impeachment evidence concerning the immigration status of the defendant’s primary witness mandated reversal); La Reina, 453 So.2d at 884 (“ ‘Patently inflammatory appeals to prejudice before the jury may afford ground for reversal notwithstanding the attempt by the trial court to remove their effect by instructing the jury to disregard the remarks.’”) (quoting 32 Fla.Jur. Trial § 132 at 372 (I960)).
In the instant case, where the credibility of Mr. Gustinger’s testimony on behalf of the appellant was critical because it was the primary testimony to be measured against the testimony offered by the appellee, the statements were even more unacceptable because they were coming from an attorney. It is important to note that the impeachment in question did not attempt to demonstrate that Gustinger had done anything wrong. That type of impeachment might have been permissible. Rather, the sum and substance of appellee’s impeachment was that Gustinger was an attorney. That fact, and that fact alone, was intended to lower the jury’s opinion of Gustinger. Surely, someone should not be, in effect, chastised for laboring in an occupation that serves to breathe life and meaning into the Sixth Amendment. Since the outcome of this ease hinged upon a credibility determination that had to be made by the jury that had been exposed to the statements in question, it cannot be said that the appellant had a fair trial. Simmons, 454 So.2d at 682. The impermissible impeachment of Mr. Gustinger concerning his past career as a criminal defense attorney was highly prejudicial to the appellant and, therefore, constituted harmful error. Dempsey, 589 So.2d at 373; Hall v. State, 634 So.2d 1124 (Fla. 5th DCA 1994); see generally State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986).
Based on the foregoing, we need not reach appellant’s argument concerning the jury instructions. First, we note that this case will have to be retried in front of another judge since the original trial judge has retired. Secondly, without knowing what evidence will be introduced in the retrial of this case, we cannot advise the trial court, in advance, regarding which jury instructions may or may not be appropriate. For that reason, nothing in this opinion should be construed as either approving or disapproving of the instructions given in this ease since that issue is now moot.
Regarding the cross-appeal, we affirm, holding that the trial court was correct in *80 dismissing all of the claims filed against the individual owners of the respective corporate parties. With regard to Case Number 94-2675, the judgment involved in that case, which deals with the award of pre-judgment interest, must be reversed in light of the reversal being entered in Case Number 94-1878.
Reversed and remanded for a new trial.