806 So.2d 542 (2001)
Kristian STENSBY, Appellant, Cross/Appellee.
v.
EFFJOHN OY AB and Effjohn International B.V., Appellees, Cross/Appellants.
Nos. 3D99-3131, 3D99-3143.
District Court of Appeal of Florida, Third District.
December 12, 2001.
Rehearing and Rehearing Denied February 15, 2002.
*543 Rodriguez, Guerra & Nunez and Paulino Nunez, Jr., Miami; Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel Perwin, Miami, for Kristian Stensby.
Adorno & Zeder and Raoul F. Cantero, III and Jon W. Zeder and Natalie J. Carlos and Elizabeth M. Schwabedissen, Miami, for Effjohn Oy Ab and Effjohn International B.V.
Before SCHWARTZ, C.J., and GREEN and SHEVIN, JJ.
Rehearing and Rehearing En Banc Denied February 15, 2002.
SCHWARTZ, Chief Judge.
Stensby sued Effjohn Oy Ab, a Finnish public company, and one of its subsidiaries, Effjohn International B.V., for breach of a 1994 oral agreement under which Stensby was to assist in raising funds from a public and then a private offering of securities in Norway to finance the purchase of two aging cruise ships owned and controlled by the defendants. The understanding was that if the deal attracted the requisite $14.5 million dollars in proposed investment and the other requirements of the transaction were satisfied, Stensby would receive 15% of the shares of the corporation which was to operate the vessels. After a bifurcated trial in which the jury first found that the alleged oral agreement existed and was breached by the defendants conclusions which are not challenged in this courtand then awarded Stensby $6 million, the trial judge granted the defendants a new trial. Stensby appeals from this order and the corporations cross-appeal from the failure to direct a verdict in their favor below. We reverse on the cross-appeal for entry of judgment for the defendants.
We agree with both of the defendants' arguments on the cross-appeal that judgment should be entered in their favor as a *544 matter of law because there was no legally sufficient showing that, regardless of the breach, the proposed enterprise would either (a) have come to fruition or (b) if so, would have succeeded.
1. First, we think it clear that Stensby introduced no evidence that, if the agreement had not been breached, the venture itself would have otherwise been consummated. To reduce a host of intervening contingencies which were not likely to have been satisfied to only the most significant: there was no demonstration and abundant, essentially uncontradicted evidence to the contrarythat the substantially risky venture capital required would have been forthcoming in any amount from any source. In short, as the defendants contend, not one thin dime (or krone) was shown to be available to finance the deal. It is of course established that a breach-of-contract-plaintiff must show that the defendants' breach was a "substantial factor" in causing damage. Centex-Rooney Constr. Co. v. Martin County, 706 So.2d 20 (Fla. 4th DCA 1997), review denied, 718 So.2d 1233 (Fla.1998); Cedar Hills Props. v. Eastern Fed. Corp., 575 So.2d 673 (Fla. 1st DCA 1991), review denied, 589 So.2d 290 (Fla.1991); Tuttle/ White Constructors, Inc. v. Montgomery Elevator Co., 385 So.2d 98 (Fla. 5th DCA 1980). The manifest failure of Stensby to do so mandates the failure of his case. Expressair Cargo Servs., Inc. v. ZFour, Inc., 738 So.2d 1008 (Fla. 3d DCA 1999); see Halliburton Co. v. Eastern Cement Corp., 672 So.2d 844 (Fla. 4th DCA 1996), review denied, 683 So.2d 483 (Fla.1996).
2. Secondly, and independently, Stensby's claim of damages, which was based on the loss of 15% of the operating profits of the enterprise for ten years after the agreement, fell far short of reaching even the realm of the speculative and thus cannot support a recovery. See W.W. Gay Mechanical Contractor, Inc. v. Wharfside Two, Ltd., 545 So.2d 1348 (Fla.1989); Beverage Canners, Inc. v. Cott Corp., 372 So.2d 954 (Fla. 3d DCA 1979); All Fla. Sur. Co. v. Vann, 128 So.2d 768 (Fla. 3d DCA 1961). The uncontroverted evidence concerning conditions in the industry and the actual, woeful, financial record of the two vessels during the critical period established the unlikelihood that any profits at all would have been realized during that time, let alone that all such profits would have been declared in dividends; let alone in the extravagant amount testified to by the plaintiffs "expert" and reflected in the verdict. It is unnecessary to multiply the "let alones" to make the point that in these circumstances, in which the terms conjecture and surmise too grandly describe the plaintiffs lost profits claim, the cases are legion that none can be recovered. TK-7 Corp. v. Estate of Barbouti, 993 F.2d 722 (10th Cir.1993); Royal Typewriter Co. v. Xerographic Supplies Corp., 719 F.2d 1092 (11th Cir.1983); Home Dev. Co. v. Bursani, 178 So.2d 113 (Fla.1965); Halliburton Co. v. Eastern Cement Corp., 672 So.2d 844 (Fla. 4th DCA 1996), review denied, 683 So.2d 483 (Fla.1996); Cell, Inc. v. Ranson Investors, 189 W.Va. 13, 427 S.E.2d 447 (1992).[1]
Reversed and remanded.
NOTES
[1] Because of our disposition of the case on the cross-appeal, it is unnecessary to dwell onand it is technically unnecessary to discuss at allthe issues raised in Stensby's direct appeal. In the interest of a complete adjudication of the issues before us, however, we find no abuse of the trial court's broad discretion in granting a new trial, Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999); E.R. Squibb and Sons, Inc. v. Fames, 697 So.2d 825 (Fla.1997); Franklin v. Public Health Trust, 759 So.2d 703 (Fla. 3d DCA 2000), on either of the two grounds assigned in the order: improperly permitting of evidence and argument concerning an alleged discovery violation, Emerson Elec. Co. v. Garcia, 623 So.2d 523 (Fla. 3d DCA 1993); see Owens Coming Fiberglas Corp. v. Morse, 653 So.2d 409 (Fla. 3d DCA 1995), review denied, 662 So.2d 932 (Fla.1995), and the plaintiff's inexcusable intimation of religious prejudice on the part of the defendants. See Murphy v. International Robotic Sys. Inc., 766 So.2d 1010, 1030 (Fla.2000); Owens, 653 So.2d at 409; George v. Mann, 622 So.2d 151 (Fla.3d DC 1993), review denied, 629 So.2d 134 (Fla. 1993); Simmons v. Baptist Hosp., 454 So.2d 681 (Fla. 3d DCA 1984); La Reina Pharmacy, Inc. v. Lopez, 453 So.2d 882 (Fla. 3d DCA 1984).