913 So.2d 735 (2005)
Margarita GONZALEZ, Appellant,
v.
Inocente GARCIA and Juan Carlos Garcia, Appellees.
No. 3D04-3260.
District Court of Appeal of Florida, Third District.
November 2, 2005.
Eddy O. Marban, for appellant.
Metsch & Metsch, P.A., and Lawrence R. Metsch, Miami, for appellees.
Before COPE, C.J., and SHEPHERD, J., and SCHWARTZ, Senior Judge.
PER CURIAM.
Margarita Gonzalez appeals an adverse judgment entered after jury verdict. We affirm.
The jury found that defendant-appellant Margarita Gonzalez breached the parties' contract and also made a fraudulent misrepresentation. The jury awarded damages on each claim.
On this appeal, the defendant argues that the evidence was legally insufficient to establish that the contractual breach was a substantial factor in causing *736 the plaintiffs' damage, see Stensby v. Effjohn Oy Ab, 806 So.2d 542, 543 (Fla. 3d DCA 2001), and that the misrepresentation was the proximate cause of the damage claimed. See Sherban v. Richardson, 445 So.2d 1147, 1148 (Fla. 4th DCA 1984). We agree with the trial court in rejecting this argument. At trial there was conflicting evidence on causation, and it was the jury's role to resolve the conflict.
We likewise agree with the trial court in declining to grant a remittitur. The defendant contended that the plaintiffs received value in the form of the clinic equipment the plaintiffs received when the plaintiffs bought the business. However, reading the record in the light favorable to the jury's verdict, the business failed on account of the defendant's breach of contract and fraudulent misrepresentation. The evidence showed that the equipment was placed in storage and eventually sold to satisfy the storage fees owed to the warehouse company, as the failed business no longer had funds to pay for the storage. Under those facts, the plaintiffs did not receive the benefit of the equipment and the loss of the equipment was attributable to the defendant's wrongdoing. The request for remittitur was properly denied.
Affirmed.