PER CURIAM.
Clifford Jon Rainey [“Rainey”] appeals the summary denial of his Rule 3.850 motion for post-conviction relief. We affirm.
Rainey was charged with second-degree murder. The jury found him guilty of the lesser included offense of manslaughter with a weapon, and he was sentenced to thirty years incarceration.[1] Rainey appealed, but his appeal was dismissed by counsel. The direct appeal was later reinstated, and this court affirmed the judgment and sentence. Rainey v. State, 875 So.2d 684 (Fla. 5th DCA 2004).
*634 On September 6, 2001, Rainey filed his first 3.850 motion alleging ineffective assistance of counsel. That motion was denied on October 23, 2001, and the order denying relief was affirmed on appeal. Rainey v. State, 802 So.2d 1185 (Fla. 5th DCA 2002). On July 3, 2003, he filed a 3.800(a) motion to correct sentence, which was denied on September 15, 2003.
Rainey filed this second 3.850 motion for post-conviction relief based on a claim of newly discovered evidence. Dr. Shashi Gore was the State’s forensic medical expert at his trial. Dr. Gore was placed on probation by the Medical Examiner’s Commission in 2004 for negligence and violations of professional standards in his role as an expert in the case of State v. Yurko, Case No. CR98-1730 (Fla. 9th Jud. Cir.). Rainey claims that this disciplinary action constitutes material impeachment evidence that would warrant a new trial or sentencing hearing in his case. He contends that this new evidence could impeach Dr. Gore’s testimony at trial regarding whether the victim had “defense wounds” and whether cuts to the top of the victim’s head were consistent with him being attacked. Rainey argues that since Dr. Gore’s testimony was directed at the issue whether Rainey’s conduct was criminal homicide or a justifiable act of self-defense, this impeachment evidence would “probably” produce an acquittal on retrial or a lesser sentence.
The undisputed evidence at trial showed that Rainey killed Alfred Pritchard [“Pritchard”]. Rainey had gone to his ex-girlfriend’s house near midnight on the date of the homicide. The ex-girlfriend was sleeping with Alfred Pritchard, who awakened, became upset at Rainey’s presence and ran outside in a confrontational manner, carrying both a machete and a firearm. During the altercation that ensued, Rainey took control of the machete. He ultimately hit Pritchard with the machete, killing him. Rainey testified that he acted in self-defense, but the State disputed Rainey’s version that Pritchard was about to shoot him. The State presented evidence from an eyewitness who testified that she did not see Pritchard point his gun at Rainey. The State’s evidence showed that Rainey unexpectedly struck Pritchard with the machete after the confrontation had subsided and the two men were walking back towards the house. The State had argued that the lack of “defensive wounds” on Pritchard’s hands confirmed that he was attacked by surprise. The jury acquitted Rainey of second-degree murder, but also rejected Rai-ney’s claim of self-defense. He was found guilty of the lesser included offense of voluntary manslaughter with a special verdict that he carried a weapon, the machete.
To prevail on a newly discovered evidence claim, Rainey must demonstrate first, that the newly discovered evidence was unknown to him, counsel, or the court at the time of trial and could not have been discovered through due diligence and, second, that the evidence is of such a nature that it would probably produce an acquittal upon retrial. See Jones v. State, 709 So.2d 512 (Fla.1998); State v. Gunsby, 670 So.2d 920 (Fla.1996). In determining whether the newly discovered evidence would probably produce an acquittal on retrial, the trial court should initially consider its admissibility and then evaluate the weight of the newly discovered evidence and the evidence which was introduced at the trial, taking into consideration whether the newly discovered evidence goes to the substance of the case or whether it constitutes impeachment evidence. See Robinson v. State, 770 So.2d 1167 (Fla.2000).
Dr. Gore was placed on probation in 2004, and Rainey’s trial concluded in 2000. The final order in the disciplinary *635 action against Dr. Gore found only that he exhibited negligence in his work in the case involving the death of the infant in the Yurko case. The findings were limited to the one case, involved specific acts of negligence in that case and would have been of doubtful evidentiary value, even if available in Rainey’s trial. The trial court prepared a thorough and well-reasoned order denying relief, noting that specific acts of misconduct cannot be introduced to impeach the credibility of a witness. See Farinas v. State, 569 So.2d 425 (Fla.1990); Jackson v. State, 545 So.2d 260 (Fla.1989); DeSantis v. Acevedo, 528 So.2d 461 (Fla. 3d DCA 1988). The trial court also concluded that, based on other corroborating evidence, including autopsy photographs of the victim, even Rainey’s own testimony, this new impeachment evidence, would probably not produce a different outcome. Based on our review of the record, we agree with the trial court.
There has been no suggestion in this case of any evidence after trial that Dr. Gore lied when testifying at Rainey’s trial, or that he negligently performed the autopsy of the victim in Rainey’s case.
AFFIRMED.
GRIFFIN, PALMER and EVANDER, JJ., concur.

. Manslaughter is a second degree felony, but in defendant's case the felony was reclassified to a first-degree felony because the jury made a special finding that he carried a weapon. See § 775.087(1), Fla. Stat. (2005).