453 So.2d 434 (1984)
Simon E. PARKS, Appellant,
v.
Carol ZITNIK, Appellee.
No. 83-1312.
District Court of Appeal of Florida, Second District.
June 29, 1984.
Rehearing Denied July 27, 1984.
*435 Charles R. Scully, St. Petersburg, for appellant.
Paul Castagliola of Riden, Watson & Goldstein, P.A., St. Petersburg, for appellee.
SCHOONOVER, Judge.
The appellant, Simon E. Parks, has appealed from a final judgment in favor of the appellee, Carol Zitnik. We reverse.
This action arose out of a personal relationship between the parties. During the course of this relationship, a duplex and a house were acquired. Although legal title to the real estate was placed in appellee's name, it appears the appellant contributed both money and labor towards the acquisition and repair of the duplex. The appellant also contributed over $10,000 towards the purchase of the house.
After the relationship ended, the appellee filed a six-count complaint against the appellant, *436 and the appellant filed a five-count counterclaim.
A nonjury trial was held on the portion of appellee's complaint that alleged an action to quiet title, and causes of action for battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and recovery of real property. The case was also tried on the portion of appellant's counterclaim that alleged an action to quiet title and impose a resulting trust, and causes of action for constructive trust, partition and constructive trust, partition and resulting trust, and recovery of real property.
During the course of the trial, appellee's attorney asked the appellant whether he had ever been convicted of a crime. When he responded affirmatively, he was then asked how many times. After appellant stated he thought "two or three, four; I don't know exactly," he was then asked whether he was currently on probation for extortion, the name of his victim, and what he had been accused of extorting. Later in the trial he was asked whether he had been charged with battery and the number of times he had been charged. He was also asked whether, in addition to the extortion, he had ever been charged with grand theft. The appellant's objections were overruled, and his motion for a mistrial was denied.
After a nonjury trial, a final judgment was entered in favor of the appellee awarding her $15,000 in compensatory damages, $15,000 in punitive damages, and sole legal and equitable title to both the house and the duplex. The trial court ruled that the appellant had not proven any counts of his counterclaim. This timely appeal followed.
We find that the trial court erred in allowing the appellant to be questioned concerning the number of times he had been convicted of a crime, the nature of those crimes, the victims of the crimes, and the punishment he received, as well as in allowing questions concerning misdemeanors, e.g., battery, with which the appellant had been charged.
Section 90.610(1), Florida Statutes (1981), provides in part:
(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment... .
This statute applies to civil as well as criminal proceedings. McArthur v. Cook, 99 So.2d 565 (Fla. 1957); Watson v. Campbell, 55 So.2d 540 (Fla. 1951).
The appellee's initial question concerning convictions of "crimes" was improper. A person attempting to impeach the character of a witness, or a party, may no longer ask the witness whether he has ever been convicted of a crime. The question would have been proper prior to July 1, 1979; however, section 90.610(1) prohibits this question because it restricts the crimes that may be considered when attempting to impeach a witness. Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982). Under the current statute, a witness may be asked whether he has ever been convicted of either a felony, or of a crime involving dishonesty or a false statement regardless of the punishment. Cummings. By requiring the appellant to answer questions concerning crimes in general, the appellant was forced to reveal that he had been convicted of one or more misdemeanors, e.g., battery. This examination regarding irrelevant criminal incidents was clearly improper. King v. State, 431 So.2d 272 (Fla. 5th DCA 1983).
Assuming arguendo, appellee's initial question had been properly phrased, appellee should have asked no further questions once the appellant admitted he had been convicted of two, three, or four crimes, unless the answer was untruthful. Sneed v. State, 397 So.2d 931 (Fla. 5th DCA 1981). If untruthful, the appellant could have been impeached by the introduction of proper records revealing such convictions. Rommell v. Firestone Tire & *437 Rubber Co., 394 So.2d 572 (Fla. 5th DCA 1981).
Appellee next asked the appellant about the nature of his convictions. This also was improper. The statute does not permit that question because any additional evidence regarding the witness' credibility gained from the answer would not compensate for its possible prejudicial effect on the mind of the trier of fact. Reeser v. Boats Unlimited, Inc., 432 So.2d 1346 (Fla. 4th DCA 1983).
The appellee's questions regarding the nature of the crimes for which appellant was previously convicted and the punishment for those crimes were not relevant to any issue in this case. See Sneed.
Finally, we are unaware of any authority that permits a witness or a party to be questioned concerning crimes with which they may have been charged but of which they were not convicted.
Appellee's entire line of questioning also is inadmissible under section 90.404(2)(a), Florida Statutes (1981). Appellee failed to lay any predicate showing his questions would produce similar fact evidence of other crimes, wrongs, or acts relevant to proving a material fact in issue. Evidence of other crimes, wrongs, or acts is inadmissible if it is used solely to prove bad character or propensity. § 90.404(2).
The appellee contends that any error committed by the trial court was harmless because the case was tried by the court rather than by a jury. Since the parties did not request a jury trial, the trial judge had to determine the credibility of the parties. Jalbert v. State, 95 So.2d 589 (Fla. 1957). Due to the nature of this case, the credibility of the parties was crucial and therefore we cannot hold the error was harmless. Had the trial judge stated that he based his findings only upon certain evidence and that he disregarded the challenged evidence, the error, if any, in the admission of such evidence could have been determined harmless. Capitoli v. State, 175 So.2d 210 (Fla. 2d DCA 1965).
Where the proof of guilt is so convincing that a person would clearly have been found guilty even without collateral evidence introduced in violation of the evidence code, the violation of the code may be considered harmless. In the case sub judice, however, because of the importance of the credibility of the witnesses under the particular facts of this case, we cannot say the evidence in favor of the appellee was so clear and convincing that introduction of the challenged evidence was harmless. A trial judge is presumed to rest his judgment on admissible evidence and to disregard inadmissible evidence, United States v. Masri, 547 F.2d 932 (5th Cir.), cert. denied, 434 U.S. 907, 98 S.Ct. 309, 54 L.Ed.2d 195 (1977), but in view of the specific findings of admissibility in this case, we cannot hold the trial court disregarded inadmissible evidence.
We accordingly reverse and remand for new trial.
BOARDMAN, A.C.J., and DANAHY, J., concur.