476 So.2d 1381 (1985)
Henry G. CONNELL, Appellant,
v.
GUARDIANSHIP OF Hattie C. CONNELL, Appellee.
No. BD-101.
District Court of Appeal of Florida, First District.
October 24, 1985.
Stephen A. Rappenecker of Stephen A. Rappenecker, P.A., Gainesville, for appellant.
MILLS, Judge.
Henry Connell appeals from the entry of a final summary judgment restoring the competency of his mother, Hattie C. Connell. We affirm.
On 30 June 1983, Hattie was adjudicated an incompetent adult in the State of Georgia, and on 6 July, Henry was appointed guardian of her property. Prior to the appointment, Hattie removed the bulk of her money, some $200,000, from a Georgia bank and came to Alachua County, Florida, the home of her brother. The money was deposited in a Florida bank in the names of the brother and his wife. Henry filed a petition in the Alachua County circuit court to recognize out-of-state guardianship and was recognized as a foreign guardian by order of 4 October 1983.
*1382 On 8 November, Hattie's brother filed a petition for restoration of competency in Alachua County, acknowledging the Georgia decree but alleging her recovery and renewed capability to understand and manage her assets. Henry answered, denying the allegations of the petition, and discovery commenced. Depositions of Drs. Thio and Dillon were submitted, but a protective order was granted barring the deposition of Dr. Roundtree, after Hattie intervened and asserted the psychotherapist-patient privilege pursuant to Section 90.503, Florida Statutes (1983). The court appointed a committee consisting of a layman, a general physician and a psychiatrist to examine Hattie and its report was also submitted.
The medical testimony received by the court via deposition opined that Hattie was competent to manage her affairs. (Dr. Thio had recommended a finding of incompetency to the Georgia court but the record does not reflect his re-examination of Hattie for purposes of the Florida restoration proceeding.) The examining committee concluded as well that she was capable of handling her assets. Based on the unanimity of these opinions, Hattie moved for a summary judgment restoring her competency. Before ruling on the motion, the court permitted a brief re-examination by the medical members of the examining committee. The judge then questioned the physicians and interviewed Hattie, permitting counsel to do so as well. Based on this interview and the physicians' re-statement of their opinion that Hattie was competent, the motion was granted.
Henry contends that the motion should not have been granted based on the existence of certain conflicting facts, first as to Hattie's bona fide residence in Florida. Summary judgment requires the complete absence of genuine issues of material fact, i.e. facts essential to the result and placed in issue by the pleadings. Wells v. Wilkerson, 391 So.2d 266 (Fla. 4th DCA 1980). Henry does not refer us to any authority requiring an incompetent to be a bona fide resident of Florida before a restoration action may be maintained in a state court. In fact, Section 744.464, Florida Statutes (1983), governing restoration of competency, provides at subsection (4) that the petition may be filed "in the county where the person ... is living on the date of the petition." (emphasis supplied). Therefore, not only is any conflict as to residency immaterial, it is undisputed that Hattie was living in Alachua County on the date the petition was filed in that county. Therefore, no error is demonstrated on this point.
Neither do we find the alleged conflict in the facts relating to Hattie's competency. Henry attempts to create conflict with the unanimous medical opinion of competency by pointing out Hattie's actions in removing her money from the Georgia bank, thereby incurring substantial penalties, and in making a "questionable" $10,000 business loan to her brother. It has not been demonstrated to this court's satisfaction that these financial decisions were so rash or imprudent as to reflect the incompetency urged by Henry. Therefore, no conflict exists on this issue so as to preclude summary judgment.
We agree that the trial court erred in excluding Dr. Roundtree's deposition on the ground of the psychotherapist-patient privilege asserted by Hattie pursuant to Section 90.503. Subsection (4)(c) thereof states that "[t]here is no privilege under this section for communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim... ." However, the record does not reflect that any proffer of the expected contents of the Roundtree deposition was made prior to its exclusion. Rulings on evidentiary matters are within the sound discretion of the trial court and no error may be predicated on the exclusion of evidence unless its substance was made known to the court by offer of proof. O'Quinn v. Seibels, Bruce & Co., 447 So.2d 369, 370 n. 2 (Fla. 1st DCA 1984); section 90.104(1)(b), Florida Statutes (1983).
*1383 Finally, Henry contends that the restoration petition did not allege facts sufficient to support the order herein. While the language of the petition states Hattie's recovery in somewhat conclusory terms, Henry filed no motion to dismiss the petition alleging its insufficiency nor was this objection raised in the answer. We therefore decline to address this issue.
Affirmed.
SMITH and THOMPSON, JJ., concur.