534 So.2d 784 (1988)
Michael Emory DAVID, Appellant,
v.
The CITY OF JACKSONVILLE, a Municipal Corporation, Appellee.
No. 87-1818.
District Court of Appeal of Florida, First District.
November 18, 1988.
*785 Rodney D. Gregory of Gregory, Smiley & Jones, Jacksonville, for appellant.
James L. Harrison, General Counsel, and David C. Carter, Asst. Counsel, Jacksonville, for appellee.
ZEHMER, Judge.
Michael Emory David appeals an adverse final judgment in his negligence action against the City of Jacksonville (City). David's suit alleged that, following his arrest for disorderly intoxication on February *786 18, 1984, he was beaten by correctional officers at the Duval County Jail. The case went to trial and the court entered judgment on the jury's verdict for the City. David appeals, raising five points: (1) the trial court erred by making certain comments and asking certain questions of witnesses; (2) the trial court committed error regarding the arrest testimony; (3) the trial court erred in limiting the testimony of plaintiff's economist; (4) the trial court committed error during defense counsel's closing argument; and (5) the trial court committed error by failing to grant plaintiff's amended motion for a new trial based on newly discovered evidence. We find no merit to points 1, 3, 4, and 5 and affirm each of these points without discussion. David's point 2, however, contends that the trial court committed prejudicial error by allowing the City to cross-examine him concerning certain arrests. We agree and reverse.
At trial, David was asked by his counsel on direct examination if he had ever been arrested before the February 18, 1984, incident and he answered that he had not. On cross-examination, defense counsel asked David, "Now, you have been in jail three times, haven't you?" When David's counsel objected to the question, counsel for the City argued that this information was contained in David's deposition and that "[a]nything in the deposition can be read to the jury." Counsel for the City also argued that in his deposition David had not indicated whether the arrests occurred before or after the February 18, 1984 incident and, therefore, the City should be allowed to use this information in an attempt to impeach David's character. David's counsel proffered that the February 18 incident was David's first of the three arrests referred to, and that the two subsequent arrests were completely irrelevant and did not serve to impeach David's testimony. The trial court overruled David's objection on the ground that his counsel had made no objection to the question or answer at David's deposition. This ruling was erroneous and prejudicial to David's right to a fair trial for the following reasons.
Failure to object to questions and answers during a discovery deposition does not amount to a waiver of the right to make objections thereto at trial except in limited circumstances. Rule 1.330(b), Fla. R.Civ.P., authorizes objections to be made at trial to receiving deposition testimony "for any reason that would require the exclusion of the evidence if the witness were then present and testifying," subject to the provisions of rule 1.330(d)(3) that objections are not waived "unless the ground of the objection is one that might have been obviated or removed if presented" at the deposition. Errors and irregularities deemed waived by one's failure to object during an oral deposition are errors "in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation or in the conduct of parties and errors of any kind that might be obviated, removed or cured if promptly presented" at the taking of the deposition. Rule 1.330(d)(3)(B). See generally, Evans v. Perry, 161 So.2d 27 (2d DCA 1964); Trawick, Fla.Prac. and Proc., § 16.4. In this case, the failure of David's counsel to make objections to questions regarding his arrest record during the deposition did not constitute a waiver. His prior criminal history was clearly subject to discovery, and objection to inquiry into David's arrest and conviction record was not necessary to preserve his right to object at trial on grounds of relevancy or competency. The fact that David did not specify on deposition that the three arrests occurred before or after his February 18, 1984 arrest was not attributable to any irregularity or error in the form of the question that might have been obviated by objection at that time; rather, such lack of specificity must be attributed to the lack of full and precise questioning by defense counsel.
The City is incorrect in its assertion that a party's discovery deposition can be read to the jury, without restriction, for impeachment or any other purpose. Rule 1.330 states in pertinent part:
(a) Use of Depositions. At the trial ... any part or all of a deposition may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice of it *787 so far as admissible under the rules of evidence applied as though the witness were then present and testifying in accordance with any of the following provisions:
(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of a deponent as a witness.
(2) The deposition of a party ... may be used by an adverse party for any purpose.
(Emphasis supplied). The rule is quite clear that the use of a party's deposition testimony under both subsections (1) and (2) is limited to that which is admissible under the rules of evidence. Thus, the proffered deposition testimony of a party must meet this threshold requirement of admissibility before being read to the jury.
The City contends that David's deposition testimony regarding his prior arrests and incarceration was admissible to impeach David's credibility by inconsistent statements, but the City failed to lay a proper predicate for such impeachment. David's deposition testimony did not establish that he had been arrested and put in jail before February 18, thus contradicting David's direct testimony that he had not been arrested before that incident. On the contrary, the proffer by David's counsel made it abundantly clear that no such arrest and jailing had occurred before that date. There is simply no basis for admitting the deposition testimony on grounds of impeaching credibility by prior inconsistent statements under section 90.608, Florida Statutes (1985).
Nor is the testimony admissible under section 90.610(1), Florida Statutes (1985), which provides in part:
A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment... .
This provision is applicable in civil as well as criminal proceedings. See McArthur v. Cook, 99 So.2d 565 (Fla. 1957); Parks v. Zitnik, 453 So.2d 434 (Fla. 2d DCA 1984). The basic rule is that a witness may not be interrogated concerning prior arrests or pending charges, but only as to prior convictions as defined in § 90.610. Rolle v. State, 386 So.2d 3, 4 (Fla. 3d DCA 1980). "Arrest, without more, does not, in law any more than in reason, impeach the integrity of a witness." Harmon v. State, 394 So.2d 121, 125 (Fla. 1st DCA 1980). The questions and answers about David's arrest history and incarceration had no relevance to the issues in this case and were inadmissible under the rules of evidence. Such questions and answers served only to prejudice David before the jury. David's credibility was crucial in this action, so this prejudicial error is not harmless in this case. See, e.g., Parks v. Zitnik, 453 So.2d 434 (in action to quiet title and for battery and emotional distress, trial court's error in allowing plaintiff to question defendant concerning his criminal convictions was not harmless where credibility of parties was crucial). The judgment must, therefore, be reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
ERVIN and WENTWORTH, JJ., concur.