STREITFELD, JEFFREY E., Associate Judge.
The Wilsons appeal from an adverse Final Judgment of Forfeiture entered in favor of the City of Ft. Pierce. For the reasons set forth below, we reverse and remand for a new trial.
George and Dollie Wilson, husband and wife, owned and operated a grocery store (appropriately named “Wilson’s Grocery Store”) within the Ft. Pierce city limits. An anonymous tip led to an alleged series of four *124 sales of food stamps in or about Wilson’s Grocery Store made by a paid confidential operative in early 1992 to members of the Wilson family. The city then filed a forfeiture petition, alleging that the store had been used “to commit or to facilitate the commission of a felony offense in violation of Chapter 409, Florida Statutes (1991), relating to the illegal and fraudulent purchase of food stamps.”
The Wilsons denied the allegations of the petition and later sought to challenge the forfeiture as excessive by a motion to dismiss. In addition, the Wilsons asserted an “innocent owner” defense.
The case was tried before a jury. The city presented the assigned state and federal law enforcement officers and “Sam,” the paid operative. Their testimony established the following sales by the operative:
1. January 3, 1992 — sale of $90.00 worth of food stamps inside the store for $47.50, to Brenda Wilson (daughter of George and Dollie Wilson). The Wilsons were not present.
2. February 4, 1992 — sale of $215.00 worth of food stamps for $107.50 to Brenda Wilson, inside the store. George Wilson had been approached by the operative earlier on February 4, 1992, but Mr. Wilson said he had no money and suggested that the operative come back later.
3. March 9, 1992 — sale of $330.00 worth of food stamps for $160.00 to Theresa Wilson, the Wilson’s daughter-in-law, outside the store. Dollie Wilson was alleged to be inside the store.
4. April 7, 1992 — sale of $395.00 worth of food stamps to Dollie Wilson for $200.00, inside the store. Mr. Wilson allegedly was present.
The city also offered evidence that a majority of the food stamps were deposited in a bank account opened by the Wilsons.
The defense offered the testimony of Theresa, Brenda, Dollie and George Wilson. Theresa testified that she never worked for the store, that she bought the food stamps outside the store and with her own money.
Brenda testified that she was on drugs in 1992, was not allowed in the store at the time, and bought food stamps only once, outside the store.
Dollie Wilson testified that she did not work for the store in 1992, because of a bad back. She said she refused to buy food stamps from “Sam” on March 9, 1992; Sam then went outside the store, and Theresa then came in for her purse and went back outside. Dollie did not see the transaction.
Dollie admitted the April 7,1992 purchase. She testified that her daughter Brenda was strung out on drugs, and the food was for Brenda’s three children. She also testified that she was not aware that what she did was against the law, and that she bought the stamps with her own money from her purse. Finally, she testified that George did not know about the transaction.
George Wilson testified that he owned and operated the grocery store for twenty-two years, and that he was the sole employee in 1992. He also testified that he was opposed to buying food stamps, and was angered when he became aware that Sam was trying to sell them. He denied knowledge of the transactions.
At the close of the evidence, the trial court granted the city’s Motion for Directed Verdict and determined that, as a matter of law, the City of Ft. Pierce Police Department established by clear and convincing evidence that the real property (i.e. Wilson’s Grocery Store) is contraband and was being used in violation of the Florida Contraband Forfeiture Act. The jury was instructed accordingly, and was advised that “the only issue for your determination is whether the claimants (sic) have established by a preponderance of the evidence that they neither knew nor should have known, after a reasonable inquiry, that the property was employed or was likely to be employed in criminal activity.” The jury was further instructed that it was the Wilsons’ burden to establish this innocent owner defense by a preponderance of the evidence.
The Wilsons have raised four issues on appeal, one of which is dispositive. Unless waived, the ultimate issue of forfeiture must be decided by the jury. Article I, §§ 9 *125 and 22, Fla. Const.; Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla.1991). In this case, it was for the jury to resolve conflicts in the evidence and inferences that could be drawn from the evidence. The trial court improperly invaded the province of the jury by directing a verdict, and shifting the burden of proof to the Wilsons.
We also choose to address one procedural and one evidentiary issue that may arise during the retrial of this case.
The Wilsons sought to introduce evidence that the taking of their property would constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution. The trial court excluded this evidence because appellants failed to plead the excessiveness of the fine as an affirmative defense. Instead, post-trial, the court conducted a hearing on the excessiveness issue. On remand, the Wilsons, upon a properly made motion, should be permitted to amend their pleadings to raise this affirmative defense.
Whether it is appropriate to submit the issue of excessiveness to the jury remains an unanswered question, and we need not decide that issue today. However, we suggest that the trial court consider submitting a nonbinding special interrogatory to the jury on this issue. United States v. Premises, 14 F.3d 864 (3rd Cir.1994). The forfeiture of real property “is a penalty that has absolutely no correlation to any damages sustained by society or to the cost of enforcing the law.” Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). “[T]he infusion of the earthy common sense of a jury might upon occasion mitigate appropriately the harsh impact sometimes characteristic of in rem procedure....” United States v. One 1976 Mercedes Benz 280S, 618 F.2d 453 (7th Cir.1980).
Finally, we conclude that the trial court improperly permitted the City of Ft. Pierce to impeach Theresa Wilson, Brenda Wilson and George Wilson by inquiring of their prior arrest records, and the specifies of their criminal convictions. The evidence was not probative of any issue other than witness credibility, Torres-Arboledo v. State, 524 So.2d 403 (Fla.1988). § 90.610, Fla.Stat. (1993). Further, the trial court failed to give an appropriate curative instruction once objections to these questions were sustained.
We therefore reverse the forfeiture judgment and remand for a new trial consistent with this opinion, after the Wilsons are permitted to amend their affirmative defenses.
STONE and FARMER, JJ., concur.