PER CURIAM.
Michael Joseph Markowski appeals the lower court’s Final Judgment in favor of Attel Bank International, Ltd.
Attel Bank, a bank organized under the laws of the Bahamas, is part of a Swiss *1284 banking group to which Markowski previously sold securities over a period of time. On June 18, 1992, to compromise a good faith dispute of civil and administrative claims against Markowski for which Attel Bank allegedly forbore, Markowski executed a promissory note for $5 million in favor of Attel Bank. Markowski does not dispute the signing of the note and does not deny that the note is unpaid as to principal and interest, costs and attorneys’ fees.
Attel Bank filed its complaint against Markowski in July of 1996, seeking to enforce and collect on the promissory note for $5 million, plus interest, expenses, attorneys’ fees and costs. The note accrues interest at 10% per annum and was due and payable on August 31, 1993. Markow-ski filed a motion to dismiss which was denied. The lower court subsequently entered an Order of Default in Final Judgment, which this Court reversed. See Markowski v. Attel Bank Int’l, 701 So.2d 416 (Fla. 3d DCA 1997).
Subsequent to Markowski’s filing of an Answer and Affirmative Defenses, and the denial of motions for summary judgment filed by both sides, a bench trial was held before the lower court. Two witnesses testified: Fabrizio Cerina for Attel Bank and Markowski for himself. Attel introduced into evidence exhibits 1-6, including two National Association of Security Dealers disciplinary findings, exhibits 2 and 6; a Security and Exchange Commission consent decree, exhibit 3; and a report of arrest of Markowski by Swiss authorities.[1]
Markowski introduced exhibits A-D into evidence. Markowski claims that the question raised by the testimonies of the witnesses was whether the $5 million note was executed for a workout arrangement in exchange for the purchase of stock held by Attel Bank or whether it was executed for a promise of forbearance from filing and pursuing civil and administrative claims against Markowski. Based on all the evidence, the lower court found for Attel Bank. This appeal followed.
We find merit in Markowski’s argument that the trial court improperly allowed the introduction into evidence of his arrest by Swiss authorities, the disciplinary findings of the National Association of Security Dealers against Markowski, and the consent decree entered by the Securities and Exchange Commission. These incidents served only to impeach Markow-ski’s credibility and character in a manner not permitted by Florida’s Evidence Code. See generally §§ 90.608-90.610, Fla. Stat. (1997); Farinas v. State, 569 So.2d 425, 429 (Fla.l990)(witness’ credibility could not be impeached by cross-examination concerning prior unethical conduct); Jackson v. State, 545 So.2d 260, 264 (Fla.1989)(evi-dence of police officers’ two alleged department reprimands was inadmissible for impeachment purposes); Fulton v. State, 335 So.2d 280, 284 (Fla.1976)(evidence of particular acts of misconduct, including pending charges, cannot be introduced to impeach a witness’ credibility); Wilson v. City of Fort Pierce, 673 So.2d 123, 125 (Fla. 4th DCA 1996)(improper to impeach witnesses by inquiring about their prior arrest records); Dempsey v. Shell Oil Co., 589 So.2d 373, 376-77 (Fla. 4th DCA 1991)(error for trial court to permit plaintiff to be impeached with testimony that he was involuntarily separated from his prior job due to carelessness); Gonzalez v. State, 559 So.2d 748 (Fla. 3d DCA 1990)(error in permitting state to cross-examine defendant concerning his prior public school record which showed he was expelled from high school); David v. City of Jacksonville, 534 So.2d 784, 787 (Fla. 1st DCA 1988)(improper to interrogate witness concerning prior arrests or pending charges not resulting in convictions); DeSantis v. Acevedo, 528 So.2d 461 (Fla. 3d DCA 1988)(error for court to permit cross-examination concerning actions during plaintiffs employment with police department which suggested dishonesty of *1285 plaintiff); Parks v. Zitnik, 453 So.2d 434, 437 (Fla. 2d DCA 1984)(improper to question witness concerning crimes with which he was charged but not convicted).
Although this type of error is subject to a harmless error analysis, we cannot conclude that it was harmless in this case. The trial consisted primarily of the testimony of the bank’s representative and that of Markowski. The exhibits introduced into evidence were meaningless without their testimony. The trial court stated in its final judgment that it was reaching its conclusion based on the credibility of the witnesses. Because Markow-ski was the only witness who testified for the defense, his credibility was of the utmost importance. His impeachment with the objectionable and inadmissible information discussed above was therefore extremely prejudicial.
We find no merit in the remaining claim.
We reverse the final judgment of the trial court and remand for a new trial. As it appears that the parties wish to try their case to the court and the present judge has already heard the objectionable evidence, on remand, the case will be assigned to a new judge for retrial.
Reversed and remanded.

. These charges were laler dismissed.