796 So.2d 1208 (2001)
James David LaMARR, Appellant,
v.
Carole LANG, Appellee.
No. 5D00-3779.
District Court of Appeal of Florida, Fifth District.
October 5, 2001.
*1209 Thomas E. Cushman, St. Augustine, for Appellant.
Tania R. Schmidt-Alpers of Central Florida Legal Services, Inc., Palatka, for Appellee.
ORFINGER, R. B., J.
James David LaMarr appeals the entry of a permanent injunction for protection against repeat violence entered at the request of Carole Lang. Because we find that the trial court's evidentiary rulings deprived LaMarr of a fair hearing, we reverse.
Lang hired LaMarr to remodel her home. After the work was completed, a dispute arose regarding the amount due LaMarr and when payment would be made. According to Lang, while they were discussing the matter, LaMarr became enraged and hit her with a box of nails. The next day, LaMarr returned to Lang's home to retrieve his tools. LaMarr and Lang again discussed their dispute and, according to Lang, LaMarr again became enraged and threw a book at her. Fearing for her safety, Lang sought an injunction for protection against repeat violence pursuant to section 784.046, Florida Statutes (2000).
At the injunction hearing, over the objection of LaMarr's attorney, the trial judge permitted Lang's attorney to:
(1) show that LaMarr had been arrested for violating an earlier injunction not involving Lang;
(2) introduce a letter that LaMarr wrote to an old girlfriend apologizing for an incident that apparently led to charges being filed against him; and
(3) question LaMarr regarding prior injunctions filed against him by other people.
Generally, rulings on evidentiary matters are within the sound discretion of the trial court. Connell v. Guardianship of Connell, 476 So.2d 1381, 1382 (Fla. 1st DCA 1985). A trial court has wide discretion in determining the admissibility of evidence, and, absent an abuse of discretion, the trial court's ruling on evidentiary matters will not be overturned. Dale v. Ford Motor Co., 409 So.2d 232, 234 (Fla. 1st DCA 1982). When reviewing erroneous rulings on evidentiary matters, we examine the entire record to determine if the error is harmless.
Each of the evidentiary rulings discussed above impermissibly allowed evidence proving only LaMarr's bad character or propensity for violence. This was improper. See § 90.404.2(a) Fla. Stat. (2000); Parks v. Zitnik, 453 So.2d 434, 437 (Fla. 2d DCA 1984). Compounding the problems, the trial court also allowed Lang's attorney to question LaMarr about the nature of a prior criminal conviction. While section 90.610, Florida Statutes (2000) allows evidence regarding the conviction of certain crimes as impeachment, generally, the law does not permit questions about the nature of a witness' conviction. See Sneed v. State, 397 So.2d 931, 933 (Fla. 5th DCA 1981); Reeser v. Boats Unlimited, Inc., 432 So.2d 1346, 1349 (Fla. *1210 4th DCA 1983). If the question was an attempt to offer collateral crime evidence, it was improper. "Collateral crime evidence, or Williams Rule evidence, may be admitted when relevant to prove a material fact in issue such as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. See § 90.404(2), Fla. Stat. (2000). Collateral crime evidence is not admissible, however, when relevant solely to prove propensity." Pastor v. State, 792 So.2d 627, 629 (Fla. 4th DCA 2001).
Lang contends that the erroneously admitted evidence is, at worst, harmless error because the injunction would have issued anyway. But, in issuing his ruling, the trial judge specifically relied on the improper evidence and found:
Respondent (LaMarr) has a history of domestic violence. He served two years in prison for stalking in Oklahoma and is currently under a restraining order with another person in the county (under appeal at this time). A copy of a letter in this other domestic violence case indicated a propensity to become enraged. (internal references omitted).
Had the trial judge based his findings only upon properly admitted evidence, we might find the errors to be harmless. See Parks, 453 So.2d at 437; see also Capitoli v. State, 175 So.2d 210, 211 (Fla. 2d DCA 1965). But here, the trial court's ruling was specifically founded on the improperly admitted evidence. Because this was a classic "he said, she said" case, the credibility of the parties was crucial. As a result, we cannot conclude that the trial court's consideration of the improper evidence was harmless. Accordingly, we reverse and remand this matter for a new hearing. We find no merit in LaMarr's remaining issue.
REVERSED AND REMANDED.
GRIFFIN and PALMER, JJ., concur.