FULMER, Judge.
Beverly Tucker appeals a final judgment in favor of her uninsured motorist carrier, Allstate Insurance Company, in her suit to recover damages arising out of a 1994 automobile accident between Tucker and Thomas Savopoulos.[1] Because we agree with Tucker’s contention that the trial court erred in allowing Allstate to introduce collateral impeachment evidence, we reverse for a new trial.[2]
Tucker argues that the trial court erred in allowing Allstate to cross-examine her with evidence that in March 2000 she gave her employer the 1994 accident report, after she had altered the date to reflect a recent accident, and used the report to falsely explain her absence from work. We agree that the March 2000 incident was erroneously admitted because it had no relevance to the issues being tried and served only to impeach Tucker’s credibility and reflect poorly on her character. See §§ 90.608-.610, Fla. Stat. (2001); Markowski v. Attel Bank Int'l Ltd., 758 So.2d 1283, 1284 (Fla. 3d DCA 2000) (holding that in suit by bank to collect on promissory note, it was error for the trial court to admit evidence of “incidents [which] served only to impeach [the defendant’s] credibility and character in a manner not permitted by Florida’s Evidence Code”); DeSantis v. Acevedo, 528 So.2d 461, 462 (Fla. 3d DCA 1988) (holding that in negligence action against roofing company, it was error to permit cross-examination of plaintiff concerning incidents of misconduct during plaintiffs employment with police department that were only marginally, if at all, relevant to facts of case).
Allstate argues that Tucker has not preserved this issue for review. Tucker raised and unsuccessfully argued the issue in a pretrial motion in limine. During opening statements, Allstate’s counsel began discussing the March 2000 incident. Tucker’s counsel objected, to which the trial court responded, “The Court’s prior ruling will stand.” Under these circumstances, we agree with Tucker that the issue was adequately preserved. See Webb v. Priest, 413 So.2d 43, 46 (Fla. 3d DCA 1982) (stating that where issue was raised both pretrial and in the early stage of trial, plaintiff was not required “to renew objection each time in what would have been an obviously futile gesture”). *1031 Finally, we reject Allstate’s alternative assertion that the error was harmless.
Reversed and remanded.
SILBERMAN and COVINGTON, JJ., Concur.

. Thomas Savopoulos, an original defendant, was dismissed from the suit prior to trial.

. We find no merit in Tucker’s second issue.