# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-188
LT Case No. 21CA000283AXYX

_____

MORTGAGE ASSETS
MANAGEMENT, LLC,

    Appellant,

    v.

UNKNOWN SPOUSE, HEIRS,
DEVISEES, GRANTEES,
ASSIGNEES, LIENORS,
CREDITORS, TRUSTEES, AND ALL
OTHER PARTIES CLAIMING AN
INTEREST BY THROUGH, UNDER
OR AGAINST, ETC., ET. AL.,

    Appellees.

_____

On appeal from the Circuit Court for Nassau County.
Eric C. Roberson, Judge.

James H. Wyman, of Hinshaw & Culbertson, LLP, Coral Gables,
for Appellant.

No Appearance for Appellees.

September 29, 2023

HARRIS, J.

Mortgage Assets Management, LLC (MAM) appeals the trial court's Final Judgment After Bench Trial, arguing that the trial court erred in finding that MAM's evidence was insufficient to carry its burden of proving its entitlement to foreclosure. We agree and reverse.

In June 2010, Glenda G. Kohlenberger executed a note in favor of Wells Fargo Bank, N.A. for $115,500. She also executed a home equity conversion mortgage on real property located in Fernandina Beach, Florida, which secured the note. Kohlenberger died in July 2020.

In September 2021, MAM brought the underlying in rem foreclosure action, alleging that its counsel was in physical possession of the note, and that it was a non-holder in possession of the note with the rights of holder entitled to enforce the note. MAM further alleged that there was a default of mortgage payment due to Kohlenberger's death and asserted that it was entitled to immediate payment of all sums secured by the mortgage. MAM attached copies of the loan agreements, note, and mortgage to the complaint. All defendants named in the complaint failed to respond and were defaulted, and the matter was promptly set for trial.

Prior to trial, MAM filed a Notice of Intent to Offer Evidence by Means of Certification of Records of Regularly Conducted Business Activity pursuant to section 90.803(6)(c), Florida Statutes (2021), indicating that it would offer the following certified records as evidence at trial: original note; original mortgage or copy of same; demand letter; payment history; and a copy of the loan agreement, if any. Notice was served on all defendants, none of whom objected, and MAM subsequently filed the original note and mortgage.

MAM then filed its Certification of Business Record Affidavit ("Certification Affidavit"), executed by a senior loan analyst with Ocwen Financial Corporation, the authorized signor for PHH Mortgage Corporation, who is the attorney-in-fact for MAM. The

affidavit confirmed that MAM was the holder of the note and entitled to enforce it and that there had been a default under the terms of the note and mortgage, which had not been cured. Copies of Kohlenberger's original note, mortgage, loan agreement, an August 6, 2020 demand letter, and the loan payment history, indicating that the total amount due was $120,682.46 as of February 28, 2022, were attached to the Certification Affidavit. MAM relied on these documents and records, as well as the defaults entered against all defendants, and presented no witnesses or additional testimony at trial.

Following the bench trial, the court entered final judgment against MAM. The basis for the court's ruling was that MAM's evidence "consisted of solely business records without the benefit of any witness or evidence, [and therefore] the court finds that [MAM] has failed to meet its burden." MAM moved for new trial and/or rehearing, asserting that at the non-jury trial, the court would not allow it to proceed with the use of its Certification Affidavit. MAM argued that it had met the statutorily authorized requirements for introducing business records via certification and that it had laid the proper predicate for the business records hearsay exception, noting that despite its notice of intent filed forty days prior to trial, no defendant made any objection to the admissibility of the business records.

Despite MAM's well-reasoned and legally supported argument, the trial judge reiterated its position criticizing what he referred to as the "streamlined" foreclosure procedure and stating "when you're trying to . . . foreclose somebody's house, maybe you can be burdened to have an actual witness show up and tell me about it." The court denied MAM's motion for rehearing. This was error.

"A trial court has wide discretion in determining the admissibility of evidence, and, absent an abuse of discretion, the trial court's ruling on evidentiary matters will not be overturned." *LaMarr v. Lang*, 796 So. 2d 1208, 1209 (Fla. 5th DCA 2001) (citations omitted). "The trial court's discretion is limited by the rules of evidence." *Johnson v. State*, 863 So. 2d 271, 278 (Fla. 2003).

Section 90.803(6)(a), Florida Statues provides the business records hearsay exception:

> **(6) Records of regularly conducted business activity**.—
>
> (a) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, *all as shown by the testimony of the custodian or other qualified witness, or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11)*, unless the sources of information or other circumstances show lack of trustworthiness.

(Emphasis supplied). Section 90.803(6)(c) requires that:

> (c) a party intending to offer evidence under paragraph (a) by means of a certification or declaration shall serve reasonable written notice of that intention upon every other party and shall make the evidence available for inspection sufficiently in advance of its offer in evidence to provide to any other party a fair opportunity to challenge the admissibility of the evidence. . . . A motion opposing the admissibility of such evidence must be made by the opposing party and determined by the court before trial. A party's failure to file such a motion

4

before trial constitutes a waiver of objection to the evidence, but the court for good cause shown may grant relief from the waiver.

Section 90.902(11), provides:

(11) An original or a duplicate of evidence that would be admissible under s. 90.803(6), which is maintained in a foreign country or domestic location and is accompanied by a certification or declaration from the custodian of the records or another qualified person certifying or declaring that the record:

(a) Was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person having knowledge of those matters;

(b) Was kept in the course of the regularly conducted activity; and

(c) Was made as a regular practice in the course of the regularly conducted activity, provided that falsely making such a certification or declaration would subject the maker to criminal penalty under the laws of the foreign or domestic location in which the certification or declaration was signed.

Here, MAM was in full compliance with the records certification procedure and had fully satisfied the business record hearsay exception. Despite the trial court's stated preference to have a witness appear in person, the law imposes no such requirement under these circumstances. "Where a statute does not violate the federal or state Constitution, the legislative will is supreme . . . ." *Sebring Airport Auth. v. McIntyre,* 783 So. 2d 238,

244–45 (Fla. 2001). By entering judgment against MAM, especially where all defendants had been defaulted and none opposed the foreclosure or the records certification, the court clearly abused its discretion.

We reverse the final judgment entered below and remand this matter back to the trial court with instructions to enter a final judgment of foreclosure in MAM's favor.

REVERSED and REMANDED with instructions.

EDWARDS, C.J., and SOUD, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____