PEARSON, Judge.
For 30 years, Stephen Vecsey and his wife, Julia Vecsey, lived separate and apart. In 1957 Julia appeared in this state and procured a prosecution of her husband for bigamy. Thereafter, Stephen brought this action for divorce [1] and Julia counterclaimed for support. The final decree denied the divorce and granted the support.
The chancellor in the final decree takes notice of the human tragedy involved:
“This Court is not unmindful of the difficult position of the plaintiff in this cause. It appears from the testimony that the plaintiff married one Anna Hollinger in 1935; that there was one child born of the marriage to Anna Hollinger. The plaintiff was found guilty of bigamy on an information charged by the defendant in this cause on October 2, 1957, in the Criminal Court of Record of Dade County, Florida.
“This Court is not unmindful of the fact that the plaintiff by his actions has created two families, both of which he is obligated to support under the law. Under the law, this Court is bound by the statute as a grounds for divorce that there must be corroboration by the plaintiff of his grounds. This the plaintiff has failed to do and the Court must leave the plaintiff where it found him. His principal obligation in this case is to his first wife, who has had to support and raise the plaintiff’s first child since 1929 to the present date. Even though by order of the Domestic Relations Court of New York the plaintiff was required to pay $7.50 per week, the plaintiff paid only approximately $22.00 and thereafter made no other payments to the date that this Court took jurisdiction. By numerous Rules to Show Cause filed in this cause, it appears that the plaintiff has refused to assume his obligation to-his first wife and the good faith of the plaintiff and the testimony that he has presented to substantiate his Complaint are weighed accordingly.”
Upon this appeal the husband raises four points :
“I. That the Court erred by allowing into evidence the depositions taken by the Defendant-Appellee in New York.
“II. That the Court erred by not allowing into evidence the deposition of the Defendant-Appellee.
“III. That the Court erred by allowing Defendant-Appellee’s counsel! an attorney’s fee which was both erroneous and excessive.
“IV. That the decree complained of is inequitable, unlawful and contrary to the evidence.”
The first two points involve the-court’s rulings on the admission of depositions. We find no error in either ruling- *721 In the first instance the appellant urges that appellee’s notice of taking the depositions was defective in that the reason for taking the depositions was not recited as required by Rule 1.32, Florida Rules of Civil Procedure. It appears from the record that the notice given was for depositions pending action,[2] and not for depositions de bene esse as contended by appellant. The reason for taking the deposition is not one of the elements of notice required of depositions pending action.[3]
Next the appellant contends that the court’s refusal to allow the deposition of the defendant-appellee into evidence was error. The court should have admitted the deposition in evidence because the deposition of a party may be used by an adverse party for any purpose.[4] Nevertheless, the refusal of plaintiff’s request was not reversible error in this case. The deposed party was available at trial, testified and was extensively cross-examined. The appellant has failed to point out how he was prejudiced by the court’s ruling.[5]
In view of the extended and vigorous contest of this case it has not been made to appear that the chancellor abused his discretion in the allowance of counsel fees.[6]
Finally under his last catch-all point the appellant fails to direct our attention to any applicable assignment of error. The appellant urges that the chancellor should have granted him a divorce. Such a finding is not for an appellate court to make where there is sufficient evidence in the record to support the chancellor’s finding.[7]
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. A prior appearance of this cause will be found at 100 So.2d 437.

. Bule 1.21, F.R.C.P., SO F.S.A.

. Rule 1.24, F.B.C.P., 30 F.S.A.

. Buie 1.21(d) (2), Florida Buies of Civil Procedure. This rule is identical with Buie 26(d) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. Merchants Motor Freight v. Downing, 8 Cir., 1955, 227 F.2d 247, 250. For discussion of the use of a deposition of an adverse party see 4 Moore’s Fed.Prac., Par. 26.29 (2nd ed. 1950) and 3 Ohlinger’s Fed.Prac., p. 549 (1948).

. Herron v. Wilson, 8 Cir., 1950, 186 F.2d 72.

. Platt v. Platt, Fla.App.1958, 103 So.2d 253.

. Platt v. Platt, supra at note [6].