WIGGINTON, Acting Chief Judge.
Appellant sued appellees for damages suffered as a result of an alleged unlawful conspiracy which caused appellant to be wrongfully discharged from his employment as a railroad locomotive engineer. Ap-pellees’ motion for a directed verdict made at the close of the appellant’s evidence was granted, and final judgment entered thereon. From that judgment this appeal is taken.
At the trial, appellant offered in evidence as part of his case in chief the depositions of appellee Lemmon and of one B. B. Vaughn who was the managing agent of appellee railroad. Objection to the introduction of such depositions was made by counsel for the parties on the ground that Lemmon and Vaughn were both present before the court and if needed could be called and examined as adverse witnesses by appellant. Appellees contended that the depositions could be used at the trial only for the purpose of impeachment. Appellees’ objection was sustained whereupon the parties were called to the stand by appellant and interrogated as adverse witnesses under the rule. They were extensively examined by appellant’s counsel at that time, and were likewise subjected to extensive cross-examination by counsel for appellees.
Appellant’s first point on appeal challenges the correctness of the court’s ruling excluding the use of the mentioned depositions during the trial under the circumstances above related. The rules of civil procedure relating to the use of depositions at the trial clearly provide that the deposition of a party, or of anyone who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association which is a party, may be used by an adverse party for any purpose.[1]
In commenting upon an analogous situation present in Monsalvatge & Co. of Miami, Inc. v. Ryder Leasing, Inc.[2] the Third District Court of Appeal, speaking through Judge Horton, said:
“The trial court was clearly in error in refusing to allow the appellant to introduce the deposition of the manager of the appellee corporation or to examine him orally as an adverse witness on the appellant’s case in chief. Rule 1.21(d), Florida Rules of Civil Procedure, 30 F.S.A., provides that the deposition of a party or an officer, director or managing agent of a public or private corporation may be used by an adverse *675 party for any purpose. The use of such a deposition is not conditioned upon the availability of the deponent. * * * ”
The above rule of procedure relating to the use of depositions is a counterpart of Rule 26(d) (1) (2) of the Federal Rules of Civil Procedure. The construction of the rule as pronounced by the Third District Court of Appeal in Mon-salvatge conforms to the construction of its counterpart in the federal system by courts of that jurisdiction.[3]
From the foregoing it must be held that the depositions of Lemmon and Vaughn were admissible as evidence when offered by appellant during the presentation of his evidence in chief. The fact that the witnesses were present in court and could be called as adverse witnesses was not a bar to the use of their depositions for the purpose and in the manner attempted by appellant. The question before us, however, is whether the action of the trial court in the premises constitutes reversible error.
As indicated above, the witnesses Lemmon and Vaughn were both called by appellant as adverse witnesses and subjected to extensive examination and cross-examination. No attempt has been made by appellant to demonstrate that the excluded depositions contained any testimony or evidence which appellant was unable to establish by his examination of the parties as adverse witnesses. Furthermore, appellant has failed to direct our attention to any testimony or evidence contained in the excluded depositions which would assist him in establishing the allegations of his complaint, which evidence was unavailable because of the court’s ruling on the admissibility of the deposition. In summary, appellant has failed to demonstrate in any manner how the ruling of the court, even though erroneous, operated to his prejudice or prevented him from getting into the record all available testimony which would support his cause of action.
In the case of Vecsey v. Vecsey[4] plaintiff offered in evidence in support of his case in chief the deposition of defendant taken before trial. The chancellor sustained an objection to the deposition on the ground that the defendant was present in court and available for examination as an adverse witness. After his unsuccessful attempt to use the deposition as evidence, plaintiff called defendant to the stand and examined her as an adverse witness. In declining to reverse a final decree rendered in favor of defendant because of the chancellor’s error in sustaining an objection to the introduction of the deposition in evidence, the Third District Court, speaking through Judge Pearson, said:
“Next the appellant contends that the court’s refusal to allow the deposition of the defendant-appellee into evidence was error. The court should have admitted the deposition in evidence because the deposition of a party may be used by an adverse party for any purpose. Nevertheless, the refusal of plaintiff’s request was not reversible error in this case. The deposed party was available at trial, testified and was extensively cross-examined. The appellant has failed to point out how he was prejudiced by the court’s ruling.”
Although the trial court erred in sustaining appellees’ objection to appellant’s use of the pretrial depositions given by the parties as evidence in chief, we conclude that the error did not prejudice appellant in the fair trial of his cause, or otherwise constitute grounds for reversal.
*676 By his remaining point on appeal appellant insists that his evidence establishes a prima facie case of liability entitling him to damages, and the trial court erred in withdrawing the case from jury consideration by directing a verdict for appellees. We have carefully read the testimony on which appellant relies, and have given careful consideration to the arguments made by him in support of his position. It is our conclusion that appellant’s evidence as á whole, together with all reasonable inferences which may be drawn therefrom, does not as a matter of law prove the cause of action alleged in his complaint. Under the circumstances the trial judge had no alternative but to direct the verdict he did.[5] The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., and JOHNSON, JJ., concur.

. Rule 1.21(d) (1) (2), D.R.C.P., 30 F.S.A., Depositions pending action—
“(d) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had.due notice thereof, in accordance with any one of the following provisions:
“(1) Any deposition may he used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.
“(2) The deposition of a party or of any one who at the time of taking the deposition was an officer, director or managing agent of a public or private corporation, partnership or association which is a party may he used by an adverse party for any purpose.”

. Monsalvatge & Co. of Miami, Inc. v. Ryder Leasing, Inc. (Fla.App.1963), 151 So.2d 453, 455.

. 4 Moore’s Federal Practice 1653, § 26.29, (2d ed.). Community Counselling Service, Inc. v. Reilly (4th Cir., 1963), 317 F.2d 239. Pursche v. Atlas Scraper and Engineering Co. (9th Cir., 1962), 300 F.2d 467.

. Vecsey v. Vecsey (Fla.App.1959), 115 So. 2d 719, 721.

. Swilley v. Economy Cab Co. (Fla.1951), 56 So.2d 914, 915.