564 So.2d 1212 (1990)
Medardo Flores CANALES, Appellant,
v.
COMPANIA DE VAPORES REALMA, S.A., and International Ships Services, Ltd., Appellees.
No. 89-1203.
District Court of Appeal of Florida, Third District.
July 31, 1990.
*1213 Brett Rivkind, Miami, for appellant.
Shutts & Bowen and Richard M. Leslie and Glenn A. Harris and Lisa T. Rubio, Miami, for appellees.
Before BASKIN, JORGENSON and GODERICH, JJ.
BASKIN, Judge.
Merdado Flores Canales appeals the entry of an adverse final judgment in his action against Compania de Vapores Realma, S.A., and International Ships Services, Ltd., (collectively "the shipowner") for damages resulting from injuries he sustained while performing his duties aboard the M/V Dolphin. We reverse and remand for a new trial.
Canales was injured when he slipped and fell down a set of stairs on the M/V Dolphin while executing his shipboard duties. Canales sued the shipowner for damages under the Jones Act, 46 U.S.C.A.App. 688, alleging failure to provide a safe workplace and failure to provide prompt and adequate medical care; he also sought maintenance and cure and damages predicated on unseaworthiness of the vessel under general maritime law. The jury returned a verdict for the shipowner, and the trial court entered final judgment. Canales filed this appeal, contending that the trial court committed numerous errors during the course of trial. We need address only three of the points.
First, Canales asserts that the trial court committed reversible error in refusing to admit into evidence the deposition of the shipowner's representative, necessitating his calling the representative as an adverse witness. In his deposition, the representative had stated that a back injury was the reason the shipowner would not rehire Canales; however, at trial, the representative testified that Canales would not be rehired because he was "a fraud." The trial court erred in excluding the deposition.
*1214 Florida Rule of Civil Procedure 1.330(a)(3) provides that the deposition of a designated corporate representative "may be used by an adverse party for any purpose." [Emphasis supplied.] The deposition may be used without regard to whether the representative is available to testify at trial. LaTorre v. First Baptist Church of Ojus, 498 So.2d 455 (Fla. 3d DCA 1986), review denied, 503 So.2d 326 (Fla. 1987). Although the representative's testimony was subject to impeachment by reference to the disposition, Canales was entitled to utilize the deposition without being exposed to the prejudicial responses and character assassination the representative supplied. LaTorre; Vecsey v. Vecsey, 115 So.2d 719 (Fla. 3d DCA 1959); Cooper v. Atlantic Coast Line R.R. Co., 187 So.2d 673 (Fla. 1st DCA), cert. denied, 194 So.2d 617 (Fla. 1966). Consequently, we hold that the trial court committed reversible error in refusing to admit the deposition of the shipowner's representative into evidence and limiting its use solely to impeachment.
Second, Canales contends that the trial court abused its discretion in permitting testimony and commentary about a marriage proposal Canales purportedly made offering money to a woman to marry him so that he could avoid deportation. The employer's response is that the marriage proposal is admissible because it sheds light on Canales' credibility. We disagree: any probative value such evidence might offer is far out weighed by its prejudicial effect. DeSantis v. Acevedo, 528 So.2d 461 (Fla. 3d DCA 1988); see also LaReina Pharmacy, Inc. v. Lopez, 453 So.2d 882 (Fla. 3d DCA 1984); Pandula v. Fonseca, 145 Fla. 395, 199 So. 358 (1940).
Third, Canales maintains that the trial court erred in striking portions of his requested jury instructions on maintenance and cure. A party is entitled to jury instructions that accurately reflect the party's theory of the case, when evidence supports the theory. L.K. v. Water's Edge Ass'n, 532 So.2d 1097 (Fla. 3d DCA 1988); Luster v. Moore, 78 So.2d 87 (Fla. 1955); Williams v. Sauls, 151 Fla. 270, 9 So.2d 369 (1942). The failure to give a requested instruction does not constitute reversible error unless the requested instruction contains an accurate statement of the law supported by the facts, and there is a reasonable possibility that the failure to give the instruction misled the jury. Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940, 942 (Fla. 3d DCA), review denied, 511 So.2d 299 (Fla. 1987); L.K.; LaTorre. That is what occurred here.
The trial court omitted the portion of Canales' requested instructions that referred to a seaman's entitlement to maintenance and cure regardless of any negligence on the part of the seaman, and to the duration of the shipowner's duty. The Supreme Court has held that the shipowner's duty to provide maintenance and cure to an injured seaman regardless of acts short of culpable negligence is absolute and furthers the purpose of the maintenance and cure provisions of the Jones Act. Vella v. Ford Motor Co., 421 U.S. 1, 95 S.Ct. 1381, 43 L.Ed.2d 682 (1975); Pelotto v. L & N Towing Co., 604 F.2d 396 (5th Cir.1979); see also Dos Santos v. Ajax Navigation Corp., 531 So.2d 231 (Fla. 3d DCA 1988), cert. dismissed, ___ U.S. ___, 109 S.Ct. 1304, 103 L.Ed.2d 574 (1989). In its instruction, the trial court did not include such a provision and may well have misled the jury into believing that it could consider Canales' negligence, or that the shipowner's duty to provide maintenance and cure terminated at a point prior to that provided by statute. The instruction was fatally flawed.
For these reasons, we reverse the final judgment. Our resolution of these issues makes it unnecessary for us to address Canales' remaining points.
Reversed and remanded for new trial.