WELLS, Justice.
The Civil Procedure Rules Committee of The Florida Bar has submitted proposed amendments to Florida Rules of Civil Procedure 1.140(b) and 1.330(a) upon unanimous approval of the amendments by the Board of Governors of The Florida Bar.
The proposed amendment to rule 1.140 is to delete the word “a” in the last sentence of subdivision (b). The proposed amendment to i’ule 1.330(a) is to add the language “or for any purpose permitted by the Florida Evidence Code” to the end of subdivision (a)(1) and to add a committee note explaining that addition.
Upon review of the amended rules, the Coux-t adopts the rules as set forth in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-through type. The amended rules shall become effective upon the release of this opinion.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX
RULE 1.140. DEFENSES
(a) When Presented.
(1)A defendant shall serve an answer within 20 days after service of original process and the initial pleading on the defendant, or not later than the date fixed in a notice by publication. A party served with a pleading stating a cross-claim against that party shall serve an answer to it within 20 days after service on that party. The plaintiff shall serve an answer to a counterclaim within 20 days after service of the counterclaim. If a reply is required, the reply shall be served within 20 days after service of the answer.
(2) The service of a motion under this rule, except a motion for judgment on the pleadings or a motion to strike under subdivision (f), alters these periods of time so that if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleadings shall be served within 10 days after notice of the court’s action or, if the court grants a motion for a more definite statement, the responsive pleadings shall be served within 10 days after service of the more definite statement unless a different time is fixed by the court in either case.
(3) If the court permits or requires an amended or responsive pleading or a more definite statement, the pleading or statement shall be served within 10 days after notice of the court’s action. Responses to the pleadings or statements shall be served within 10 days of service of the pleadings or statements.
(b) How Presented. Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, and (7) failure to join indispensable parties. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter *796 may be made at any time. No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert any defense in law or fact to that claim for a relief at the trial, except that the objection of failure to state a legal defense in an answer or reply shall be asserted by motion to strike the defense within 20 days after service of the answer or reply.
(c) Motion for Judgment on the Pleadings. After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.
(d) Preliminary Hearings. The defenses 1 to 7 in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment in subdivision (c) of this rule shall be heard and determined before trial on application of any party unless the court orders that the hearing and determination shall be deferred until the trial.
(e) Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, that party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.
(f) Motion to Strike. A party may move to strike or the court may strike redundant, immaterial, impertinent, or scandalous matter from any pleading at any time.
(g) Consolidation of Defenses. A party who makes a motion under this rule may join with it the other motions herein provided for and then available to that party. If a party makes a motion under this rule but omits from it any defenses or objections then available to that party that this rule permits to be raised by motion, that party shall not thereafter make a motion based on any of the defenses or objections omitted, except as provided in subdivision (h)(2) of this rule.
(h) Waiver of Defenses.
(1) A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).
(2) The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised in either a motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time.
Committee Notes
1972 Amendment. Subdivision (a) is amended to eliminate the unnecessary statement of the return date when service is made by publication, and to accommodate the change proposed in rule 1.100(a) making a reply mandatory under certain circumstances. Motions to strike under subdivision (f) are divided into 2 categories, so subdivision (a) is also amended to accommodate this change by eliminating motions to strike under the new subdivision (f) as motions that toll the running of time. A motion to strike an insufficient legal defense will now be available under subdivision (b) and continue to toll the time for responsive pleading. Subdivision (b) is amended to include the defense of failure to a sufficient legal defense. The proper method of attack for failure to state a legal defense remains a motion to strike. Subdivision (f) is changed to accommodate the 2 types of motions to strike. The motion to strike an insufficient legal defense is now in subdivision (b). The motion to strike under subdivision (f) does not toll the time for responsive pleading and can be made at any time, and the matter can be stricken by the court on its initiative at any time. Subdivision (g) follows the terminology of Federal Rule of Civil Procedure 12(g). Much difficulty has *797 been experienced in the application of this and the succeeding subdivision with the result that the same defenses are being raised several times in an action. The intent of the rule is to permit the defenses to be raised one time, either by motion or by the responsive pleading, and thereafter only by motion for judgment on the pleadings or at the trial. Subdivision (h) also reflects this philosophy. It is based on federal rule 12(h) but more clearly states the purpose of the rule.
1988 Amendment. The amendment to subdivision (a) is to fix a time within which amended pleadings, responsive pleadings, or more definite statements required by the court and responses to those pleadings or statements must be served when no time limit is fixed by the court in its order. The court’s authority to alter these time periods is contained in rule 1.090(b).
RULE 1.330. USE OF DEPOSITIONS IN COURT PROCEEDINGS
(a)Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice of it so far as admissible under the rules of evidence applied as though the witness were then present and testifying in accordance with any of the following provisions:
(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness or for any purpose permitted by the Florida Evidence Code.
(2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent or a pei’son designated under rule 1.310(b)(6) or 1.320(a) to testify on behalf of a public or private corporation, a partnership or association, or a governmental agency that is a party may be used by an adverse party for any purpose.
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used; or (F) the witness is an expert or skilled witness.
(4) If only part of a deposition is offered in evidence by a party, an adverse party may require the party to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Substitution of parties pursuant to rule 1.260 does not affect the right to use depositions previously taken and, when an action in any court of the United States or of any state has been dismissed and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken for it.
(6) If a civil action is afterward brought, all depositions lawfully taken in a medical liability mediation proceeding may be used in the civil action as if originally taken for it.
(b) Objections to Admissibility. Subject to the provisions of rule 1.300(b) and subdivision (d)(3) of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part of it for any reason that would require the exclusion of the evidence if the witness were then present and testifying.
(c) Effect of Taking or Using Depositions. A party does not make a person the party’s own witness for any purpose by taking the person’s deposition. The introduction in evidence of the deposition or any part of it *798 for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this shall not apply to the use by an adverse party of a deposition under subdivision (a)(2) of this rule. At the trial or hearing any party may rebut any relevant evidence contained in a deposition whether introduced by that party or by any other party.
(d) Effect of Errors and Irregularities.
(1) As to Notice. All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice.
(2) As to Disqualification of Officer. Objection to taking a deposition because of disqualification of the officer before whom it is to be taken is waived unless made before the taking of the deposition begins or as soon thereafter as the disqualification becomes known or could be discovered with reasonable diligence.
(3) As to Taking of Deposition.
(A) Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition unless the ground of the objection is one that might have been obviated or removed if presented at that time.
(B) Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of parties and errors of any kind that might be obviated, removed, or cured if promptly presented are waived unless timely objection to them is made at the taking of the deposition.
(C) Objections to the form of written questions submitted under rule 1.320 are waived unless served in writing upon the party propounding them within the time allowed for serving the succeeding cross or other questions and within 10 days after service of the last questions authorized.
(4)As to Completion and Return. Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, or otherwise dealt with, by the officer under rules 1.310 and 1.320 are waived unless a motion to suppress the deposition or some part of it is made with reasonable promptness after the defect is, or with due diligence might have been, discovered.
Committee Notes
1972 Amendment. Derived from Federal Rule of Civil Procedure 32 as amended in 1970. Subdivisions (a), (b), and (c) are former rules 1.280(d), (f), and (g) respectively. Subdivision (d) is derived from the entire former rule 1.330.
1998 Amendment. Subdivision (a)(1) was amended to clarify that, in addition to the uses of depositions prescribed by these rules, depositions may be used for any purpose permitted by the Florida Evidence Code (chapter 90, Fla. Stat.). This amendment is consistent with the 1980 amendment to Rule 32 of the Federal Rules of Civil Procedure.