BLUE, Acting Chief Judge.
Charles S. Friedman contends the trial court erred in permitting the deposition of a nonparty to be presented as substantive evidence. We agree but conclude that the error was harmless; thus we affirm. The issue presented in this appeal requires some discussion, however, because it targets the tension between the Florida Rules of Civil Procedure and the Evidence Code concerning the admissibility into evidence of a nonparty’s deposition.
Florida Rule of Civil Procedure 1.330(a)(3) prohibits the use of a nonparty deposition at trial unless the witness is unavailable or exceptional circumstances exist. Rule 1.330(a)(1), as amended in 1998, provides:
Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness or for any purpose permitted by the Florida Evidence Code.
(Emphasis added.) In section 90.803, Florida Statutes (Supp.1998), the Evidence Code provides that certain exceptions to the hearsay rule apply regardless of whether the declarant is available. In 1998, section 90.803(22) was amended to read as follows:
(22) Former testimony. — Former testimony given by the declarant which testimony was given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, or a person with a similar interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination, provided, however, the court finds that the testimony is not inadmissible pursuant to s.90.402 or s.90.403.
This provision, when coupled with rule 1.330(a)(1), might lead to the conclusion that most, if not all, discovery depositions are now admissible as substantive evidence, whether or not the deposed witness is available at trial.
The problem facing civil trial attorneys is one that was discussed in the criminal trial context in State v. Green, 667 So.2d 756 (Fla.1995). As the supreme court noted, depositions taken for discovery are entirely different from those taken for presentation of evidence at trial, and dis *755 covery depositions should not be allowed as substantive evidence at trial. See 667 So.2d at 759. The problem in Green was resolved because the Florida Rules of Criminal Procedure have separate provisions governing depositions to perpetuate testimony and discovery depositions. Compare Fla. R.Crim. P. 3.190(j) with Fla. R.Crim. P. 3.220. Unfortunately, the Florida Rules of Civil Procedure provide no clear delineation between trial and discovery depositions.
We hold that the admissibility of a discovery deposition of a nonparty witness as substantive evidence continues to be governed by rule 1.330(a)(3). We reach this conclusion for two reasons. First, rule 1.330(a)(3) has not been amended and continues to require certain prerequisites before the deposition of a nonparty is admissible at trial. Second, section 90.803(22) requires that “the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.” (Emphasis added.) An attorney taking a discovery deposition does not approach the examination of a witness with the same motive as one taking a deposition for the purpose of presenting testimony at trial. See Green, 667 So.2d at 759.
Although it was error to allow the presentation of a deposition of a nonparty witness as substantive evidence, we have examined the entire record and conclude that the error was harmless. Accordingly, we affirm.
GREEN and STRINGER, JJ., Concur.