884 So.2d 1087 (2004)
Jose R. CASTANEDA, a minor, through his natural parent and next friend, Ana CARDONA, and Ana Cardona, individually, Appellants,
v.
REDLANDS CHRISTIAN MIGRANT ASSOCIATION, INC., a Florida corporation, Appellee.
No. 4D03-2309.
District Court of Appeal of Florida, Fourth District.
October 20, 2004.
*1089 Jose G. Rodriguez, P.A. and Diran V. Seropian of Edna L. Caruso, P.A., West Palm Beach, for appellants.
Barbi Feldman Meyer of Law Office of Bohdan Neswiacheny, for appellee.
WARNER, J.
A minor, Jose Castaneda, was injured in a fall from playground equipment at a daycare center. His mother sued the daycare center for his personal injuries. At trial, the court refused to permit the plaintiff to read excerpts of the depositions of employees of the daycare center, which were presented as admissions, instead requiring the plaintiff to prove unavailability of the witnesses. We hold that Florida Rule of Civil Procedure 1.330(a)(1) permits the use of a deposition at trial as an admission regardless of the availability of the witness for trial. We therefore reverse for a new trial.
Jose Castaneda was three years old when he fell off playground equipment at Redlands Christian Migrant Association's Delray Beach childcare center and broke his left arm. Apparently, he was playing on the platform attached to a horizontal ladder and was instructed by a teacher that he was not permitted to play there. He ignored the teacher's instruction and continued playing on the platform before jumping or falling off and injuring his arm. Through his mother, Ana Cardona, Castaneda sued Redlands for negligence. Specifically, he alleged Redlands failed to adequately supervise the children under its care; failed to adequately train the teachers watching the children; failed to maintain an adequate teacher to student ratio; failed to warn of dangerous or inappropriate activities; negligently selected, installed, and maintained playground equipment; and negligently hired employees. Redlands denied any negligence.
Castaneda's attorney took depositions of the Redlands employees who were present at the daycare center on the date of the accident. At trial and prior to the presentation of testimony, he informed the court that he would read excerpts of their depositions instead of calling the employees as witnesses. Redlands objected on the ground that Castaneda failed to lay a predicate that the witnesses were unavailable to testify, as required by Florida Rule of Civil Procedure 1.330(a)(3). Castaneda maintained that he was entitled pursuant to Rule 1.330(a)(1), to introduce the deposition testimony instead of live testimony pursuant to Florida Rule of Civil Procedure 1.330(a)(1). The trial court rejected Castaneda's reading of Rule 1.330(a)(1), concluding that it preferred live testimony and the depositions could be used only if Castaneda could prove that the witnesses were unavailable to testify. All of the witnesses were still employees of Redlands.
After presentation of the evidence, the jury returned a verdict for Redlands. Castaneda moved for a new trial alleging, inter alia, that the court erred in refusing to permit him to use the employee depositions. The court denied the motion, prompting this appeal.
*1090 While the standard of review for admissibility of evidence is abuse of discretion, a trial court's discretion is limited by the rules and statutes governing the admission. See Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001).
Florida Rule of Civil Procedure 1.330 states in pertinent part:
(a) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice of it so far as admissible under the rules of evidence applied as though the witness were then present and testifying in accordance with any of the following provisions:
(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness or for any purpose permitted by the Florida Evidence Code.

...
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used; or (F) the witness is an expert or skilled witness.
(Emphasis added). Section (a) permits the use of a deposition as though the witness was present and testifying, in four different circumstances. Castaneda relies on section (a)(1), which allows the use of any deposition for impeachment "or for any purpose permitted by the FloridaEvidence Code." The underlined portion of this section was added in 1998, upon the recommendation of the Civil Procedure Rules Committee of The Florida Bar. See In re Amendments to Fla. Rules of Civil Procedure, 718 So.2d 795 (Fla.1998). The Committee notes for this amendment state:
Subdivision (a)(1) was amended to clarify that, in addition to the uses of depositions prescribed by these rules, depositions may be used for any purpose permitted by the Florida Evidence Code (chapter 90, Fla. Stat.). This amendment is consistent with the 1980 amendment to Rule 32 of the Federal Rules of Civil Procedure.
Id. at 798. Section 90.803, Florida Statutes (2002), states in pertinent part:
The provision of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:

...
(18) Admissions.  A statement that is offered against a party and is:
...
(d) A statement by the party's agent or servant concerning a matter within the scope of the agency or employment thereof, made during the existence of the relationship....
(Emphasis added). Because Castaneda was offering excerpts of the deposition testimony against Redlands as admissions, *1091 they were permitted by the Florida Evidence Code and thus admissible regardless of availability of the witnesses.
Statements of employees within the scope of their employment and during its existence are admissible in Florida:
Florida courts have consistently admitted into evidence statements by employees concerning matters arising from the course of their employment under the doctrine of admissions. It is important to note that such statements are admissible because they are the admissions of a party-opponent or adverse party and not because they are declarations against interest. The differences between these two well-recognized exceptions to the hearsay rule are: an admission is made by a party to the litigation, while a declaration against interest is made by a non-party; an admission comes into evidence despite the presence at trial of its author, while the general hearsay rule concerning unavailablity of the declarant applies in the case of declarations against interest. The statement sought to be introduced as an admission need not have been consciously against the interest of its maker at the time it occurred, while the declarant in the case of the other hearsay exception must have been aware of a risk of harm to his own interests at the time he spoke.
Hunt v. Seaboard Coast Line R. Co., 327 So.2d 193, 195-96 (Fla.1976) (citations omitted). Under this definition, the statements of the Redlands employees are admissions within the meaning of section 90.803(18)(d) as the statements concerned matters regarding this specific accident arising from their employment and were made while the deponents were still employees of Redlands.
Similarly, as noted in the Law Revision Council Note to section 90.803:
In Gordon v. Hotel Seville, Inc., 105 So.2d 175, 177 (Fla.3rd Dist.1958), certiorari denied, 109 So.2d 767 (Fla.1959) the court stated:
An admission against interest made by an employee in the course of and within the scope of his employment and relating to a matter which is not beyond the penumbra of his duties or employment, is a recognized exception to the hearsay rule, and such a statement by the employee will be admissible against the employer as an admission against interest.
Section 90.803, Fla. Stat., Law Revision Council Note  1976. We therefore conclude that the statements in the depositions of the Redlands employees are admissible as admissions under section 90.803(18). As the introduction of these statements is "permitted by the Florida Evidence Code," they are admissible under Rule 1.330(a)(1) regardless of the witnesses' availability to testify.
We analogize the introduction of employee depositions as admissions to the introduction of the deposition of a party or of the officer, director, or managing agent of a party, which may be done for any reason pursuant to Florida Rule of Civil Procedure 1.330(a)(2). In LaTorre v. First Baptist Church of Ojus, Inc., 498 So.2d 455 (Fla. 3d DCA 1986), the trial court refused to admit the deposition testimony of a director of the defendant corporation. The plaintiff was required to call the witness live, and his testimony differed from the deposition. The court held it was error to exclude the deposition, even though the plaintiff used it to impeach the live testimony. 498 So.2d at 458. The court said:
The rule is clear: "The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent [of a corporation *1092 that is a party] ... may be used by an adverse party for any purpose." Fla.R.Civ.P. 1.330(a)(2); Vecsey v. Vecsey, 115 So.2d 719 (Fla. 3d DCA 1959). See also Hill v. Sadler, 186 So.2d 52 (Fla. 2d DCA) (error to require defendant to place plaintiff on stand as adverse witness in lieu of reading his deposition), cert. denied, 192 So.2d 487 (Fla.1966). Such a deposition may be used notwithstanding that the deponent is available to testify at the trial.
Id. (citations omitted). See also W.E. Cooper v. Atl. Coast Line R.R. Co., 187 So.2d 673 (Fla. 1st DCA 1966). The same rule was applied to a company "representative" in Canales v. Compania de Vapores Realma, S.A., 564 So.2d 1212, 1213-14 (Fla. 3d DCA 1990). These cases illustrate that the Rules of Civil Procedure have been interpreted by the Florida Courts as being clear and unambiguous with respect to the use of depositions at trial and without regard to whether the deponent is also available to testify at trial. Failure to permit the use of deposition testimony when authorized pursuant to the Rules is reversible error.
Redlands cites Friedman v. Friedman, 764 So.2d 754 (Fla. 2d DCA 2000), as support. This case is entirely distinguishable, although the court expresses concern that Rule 1.330(a)(1), combined with the application of the Rules of Evidence, might lead to the admission of most discovery depositions as substantive evidence. 764 So.2d at 754. There, the trial court had admitted the deposition of a non-party witness as substantive evidence pursuant to Rule 1.330(a)(1), even though the witness's unavailability had apparently not been proven, because it found the deposition was permitted under the evidence code as "former testimony" under section 90.803(22), even though it was taken as a discovery deposition in the same proceeding. The appellate court found that coupling these provisions might lead to the conclusion that every discovery deposition could be admissible in evidence. Because the statute permitted admissibility of former testimony only when "the party against whom the testimony is now offered... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination," the court held that the deposition was not admissible as former testimony as an attorney taking or attending a discovery deposition does not have a similar motive to develop testimony as would be present when one takes the deposition for the specific purpose for use at trial. Id. at 755. It determined that the trial court erroneously admitted the deposition testimony but found it harmless. Friedman is thus distinguishable from the present case, where the deposition statements were proffered as admissions.
We note, however, that at least one federal court has taken a contrary view, not in the interpretation of Federal Rule of Civil Procedure 32, the federal counterpart of Rule 1.330, but in whether, despite the Rule, a trial court may still refuse the use of deposition testimony in preference to a witness present at the trial. In Coletti v. Cudd Pressure Control, 165 F.3d 767 (10th Cir.1999), plaintiff sought to introduce segments of depositions of defendant's employees as admissions. While the court agreed that plaintiff was entitled to introduce the depositions as admissions under Rule 32, and it was immaterial that the witnesses were available to testify, it nevertheless considered the admission of deposition testimony as within the sound discretion of the trial court. 165 F.3d at 773-74. Even though the trial judge ignored the provisions of Rule 32, the court found that the record showed no abuse of discretion or prejudice to the plaintiff. Id. at 774. The trial court had offered to allow plaintiff to use the depositions for impeachment, *1093 but she failed to avail herself of that opportunity and apparently did not call the witnesses live. While the plaintiff explained that calling the witnesses live would destroy her trial strategy, the court saw no reason to "allow[ ] her to utilize her own method of getting her point across, `when another, at least equally effective method of getting that same point across was easily available.'" Id. (quoting King & King Enters. v. Champlin Petroleum Co., 657 F.2d 1147, 1165 (10th Cir.1981)).
Florida does not allow such discretion on the part of the trial courts to ignore the Rules of Evidence or the Rules of Civil Procedure. Failure to follow the Rules constitutes an error of law, not an abuse of discretion. While the application of the Rules to a particular fact pattern may require the use of discretion, the interpretation of the Rules does not. We therefore conclude that the trial court erred in refusing to permit Castaneda to use the deposition testimony from the Redlands employees.
Castaneda also raises the failure of the trial court to admit the testimony of, and a memorandum written by, the Redlands employee in charge of safety issues at the daycare center. The court excluded this evidence on the ground that it constituted evidence of subsequent remedial measures. We agree that at least a portion of the memorandum was admissible as it dealt with the cause of the accident. However, this information was actually admitted at trial through a portion of the employee's deposition read to the jury. Therefore, the error was harmless. As to the exclusion of evidence of prior similar accidents, of which Castaneda also complains, the court did not abuse its discretion because Castaneda failed to present evidence demonstrating a sufficient similarity between the prior accidents and the one at issue in this case. See Lasar Mfg. Co. v. Bachanov, 436 So.2d 236, 238 (Fla. 3d DCA 1983).
We affirm as to the issues on cross-appeal. The objection to the admission of voluntary safety guidelines and standards that came into existence after the accident was not preserved for review. See Horne v. Hudson, 772 So.2d 556, 557-58 (Fla. 1st DCA 2000).[1] The trial court also did not abuse its discretion in admitting the testimony of the vocational rehabilitation expert. Moreover, as to this issue, Redlands has not supplied a complete record as we do not have a transcript of Dr. Kelly's deposition that was played for the jury on videotape and had a bearing on the expert's testimony. It is incumbent upon the parties to assure that when videotapes or audiotapes are played at trial, the court reporter transcribes this testimony for purposes of appeal, or that a transcribed copy of the video deposition is included in the record. Failure to do so results in an incomplete record and the possibility of an affirmance on this ground. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). In this case, we affirm on the merits of the issue and not for lack of a record.
Reversed and remanded for a new trial.
STONE, J., and BRYAN, BEN L., JR., Associate Judge, concur.
NOTES
[1] This case was tried prior to the 2003 amendment of section 90.104(1)(b), Florida Statutes, which dispensed with the necessity of a contemporaneous objection at trial where a prior definitive ruling on the record has been made on the objection.